The question upon this report having been submitted, without argument, to the decision of the Court, their opinion was now delivered by
Parsons, C. J.
The deed, in this case, was objected to at the trial as not within the provincial statute of 9 W. 3, c. 7, regulating the conveyances of land. It was admitted de bene esse, for the purpose of reserving the question for the opinion of the whole Court, if the demandant obtained a verdict. The jury found the issue for him, and we are now to decide on the validity of the objection ; the parties having agreed that, if the deed ought not to have been admitted, the verdict shall be set aside, and a general verdict be entered for the tenants.
*Il is well known that livery and seisin were necessa- [* 543] ry to pass lands at the common law, when the conveyance was by feoffment. This was required to give notoriety to the alienation by preventing secret transfers of the freehold.
After the introduction of uses, which passed by grant, and which were enforced by a court of equity, conveyances to uses were as general as they were mischievous, the freehold being in one man, while the use or beneficial interest was in another. To remedy this inconvenience, the statute of uses (27 H. 8, c. 10) was passed, *476 by which the freehold and use were necessarily united in the same person. In consequence of this statute, the owner might sell the use, and the statute transferred the freehold, so that the alienation might be private, attended with no circumstances of notoriety.
To prevent this mischief, at the same session of parliament, the statute of enrolments (27 H. 8, c. 16) was passed. The statute prohibited the passing of- lands by bargain and sale, unless the same was by deed indented and enrolled within six months in one of the courts at Westminster, or in the county before certain public officers therein mentioned. On the construction of this statute, the land, after executing the indentures, did not pass before the enrolment; but after the enrolment, within six months, the bargainee was seised by relation from the execution.
That this statute was passed to give notoriety to alienations by bargain and sale is manifest, because it is holden that, although the first bargain and sale be not enrolled, yet a second conveyance to one who in fact had notice of the prior conveyance, is fraudulent and void. The statute extends but to one kind of conveyance, and does not require an acknowledgment of the bargainor, or make any express provision that the deed shall be good against him and his heirs without enrolment.
As the intent of the statute was to give notoriety to bargains and sales of land, if a fictitious conveyance, not executed by the bargainor, should be enrolled, greater mischiefs would arise, and the public records might deceive in place of informing intended purchasers. The officer, therefore, whose duty it was to [ * 544 ] make the enrolment, must have evidence * that the instrument produced for enrolment had been in fact executed. Hence arose in England the acknowledgment of the deed by the bargainor; which was made either in the court where the deed was to be enrolled, or before the officer who was directed to make the enrolment, as the best evidence of the execution ; although there are cases in which the enrolment has been holden good when the deed was otherways authenticated than by acknowledgment. (1)
Thus stood the law when our ancestors emigrated, and settled the colony of Massachusetts Bay. To give publicity to the conveyances of lands was soon an object of their attention. In 1641, after the colony had been formed into counties, and county courts created, an ordinance passed making the clerk of the county court recorder, and directing him to enter all grants and sales of land, with the names of the grantors and grantees, thing and estate granted, to *477 getlier with the date thereof. It was also ordained that all grants, sales, and mortgages, of land, where the grantor remains in possession, shall not be in force except against the grantor and his heirs, un less the same be acknowledged before some magistrate, and be recorded.
Unless express provision had been made for the acknowledgment before a magistrate, every grantor must have repaired to the recorder in the shire town, to acknowledge the deed before him. For before he could record the deed, he must have regular evidence that it was a deed executed by the grantor, of which his acknowledgment would be the best proof. In a young country, this must have been laborious and inconvenient, and tending to embarrass the alienation of lands. The legislature, therefore, prevented this embarrassment, by directing the recorder to record on the authority of the certificate of the magistrate, to one of whom access could every where easily be had. This ordinance extended to cases only where the grantee remained in possession.
Afterwards, in 1651, another ordinance declared that no alienation of land should be good, unless by deed executed with livery and seisin, unless'the deed be acknowledged and * recorded. Thus the acknowledgment authorized the [*545 ] recording of the deed, and the record was made an act of notoriety of the alienation, equivalent to the delivery of seisin at the common law.
Thus stood the law under the colonial charter. If the grantor remained in possession, the conveyance must be by deed acknowledged and recorded, and was not otherwise good, except against himself and his heirs. But if the purchaser entered into the possession on the alienation, the conveyance must be by deed, either with livery of seisin, or, what was considered as an equivalent, by deed acknowledged and recorded. But no time for making the record was limited.
After the repeal of the colonial charter, and the grant of the provincial charter, the legislature made a new provision for the registry of conveyances of land. By the provincial statute of 9 W. 3, c. 7, it was enacted that any conveyance of land by deed executed by the party granting the same, having good and lawful right thereto, and acknowledged by the grantor before a justice of the peace, and recorded at length in the registry of the county, shall be valid to pass the same, without any other act or ceremony in the law what ever. And that no conveyance of land shall be good in law to hold the same against any other person but the grantor and his heirs, unless the deed be acknowledged and recorded. And if the grant or live in parts beyond the sea, or be removed out of the province, *478 or be dead before the deed be acknowledged, proof of the execution by two of the subscribing witnesses before any court of record shall be equivalent to the acknowledgment by the grantor.
This statute continued in force until the revolution, and the merits of the present question depend on the construction of it. These provisions in some respects differ from the colonial ordinances. Although the deed must be acknowledged before it can be recorded, yet instead of a magistrate is substituted a justice of the peace, who was not an officer known under the first charter.
Livery of seisin is in all cases rendered useless, and lands without it will pass by deed unacknowledged, so as to bind the grant- or and his heirs. As the object of acknowledgment [* 546] *was to authorize the recording, and the recording was substituted to livery of seisin, as giving equal or greater notoriety, it is unnecessary to record the deed to bind the grantor, because he is conusant of his owm conveyances, and his heirs must be bound by his acts.
That the acknowledgment is intended to authorize the register to record the deed, is further apparent from the necessity the law imposes on the party producing and claiming under a deed acknowledged and recorded to prove the execution of it, in the same manner as if it had not been acknowledged. And that it is the recording of a deed, which is the legal equivalent for livery of seisin, as creating sufficient notoriety, results from a series of decisions, by which a second purchaser, having knowledge of a prior conveyance, by a deed unrecorded, shall not hold the land against the first pur chaser.
The recording a deed has its effect here from the provisions of the statute, and unless these provisions are conformed to, the conveyance is not good, but against the grantor and his heirs, except in cases of fraud or prior notice. But the statute has not declared that a deed recorded shall have effect wfithout any other ceremony in the law. The deed must first be acknowledged by the grantor, as the regular evidence to authorize a record.
This is the general rule, and the provisions of the statute clearly show that this rule must necessarily be complied with, except in the cases specially provided for. One case is the absence or death of the grantor. And in this case, the proof of the deed, before it can be regularly recorded, must be by the oath, not of one, but of two of the subscribing witnesses, in a court of record. The other case is where the grantor shall refuse to acknowledge the deed. In this case, the relief is by the commitment of the grantor until he shall acknowledge his deed; and after proving the deed before a justice by one or more of the subscribing witnesses, by filing a copy in the *479 register’s office, and not even in this case by recording the original.
There seems to be no room for us, by any rules of construction, to consider a deed, unacknowledged by the grantor, and not proved by two of the subscribing witnesses, as * reg- [ * 547 J ularly recorded, so as to entitle it, as against strangers, to the effect of a deed within the statute. For the statute introduces a new law, by which a conveyance by deed executed and acknowledged by the grantor, or the execution proved in a court of record, by the oaths of two of the subscribing witnesses, and recorded, shall, if the grantor be seised, pass the freehold to the grantee, who shall be deemed to be in the legal and actual possession, so that without entry he may convey the same to any other person, who, by force of the conveyance, if it be in like manner acknowledged or proved and recorded, will be deemed actually seised.
In England, where generally the deed must be acknowledged before enrolment, if there are more parties than one to the deed, an acknowledgment by one of the parties is sufficient to obtain an enrolment, which is good as to the other grantors. (2)
And the same construction may be given to this statute. For clearly the grantee is entitled to have the deed recorded as the deed of the acknowledging grantor; and if it be regularly recorded, the record will give equal publicity to the conveyance as to all the grantors, and so the intent of the statute will be satisfied.
Had the deed in question been made by two grantors, and acknowledged by one of them, or had it been executed under the present revised statute of 1783, c. 37, there would have been no question. By this last statute, the legislature, probably aware of the great strictness of- the former statute, have authorized the recording of a deed by the proof in a court of record by one of the subscribing witnesses, when the grantor was absent, or had died not having acknowledged it. This alteration shows that by the language and intent of the former statute, the proof by two witnesses was necessary.
Upon the whole, as the deed in the present case was not acknowl edged by the grantor, nor proved in a court of record by the oaths of two of the subscribing witnesses, it was recorded without any legal authority, and cannot therefore have the effect of a deed acknowledged or proved and recorded * within the [ * 548 ] statute; and not having that effect, it ought not to have been read to the jury.
Before the Court ordered an entry to be made, that the verdict *480 be set aside, and a general verdict entered for the tenants, the demandant stated that, since the trial, he had discovered evidence to maintain the issue on his part, without the deed in question, and moved that a new trial might be ordered. " The tenants consenting, the verdict was set aside, and a new trial was granted, (a)

 Godbolt, 270.

 Taylor vs. Jones, 1 Salk. 389

 [Shaw & Al. vs. Poor, 6 Pick. 86.— Catlin vs. Ware, 9 Mass. Rep. 213 and note. It would seem, upon principle, that an acknowledgment should be necessary of every one, as whose deed the writing is to be recorded, in order to authorize the register tc record it as the deed of such party; for the acknowledgment of one can have no effect to establish the writing as the deed of another. But the practice has been uniformly in conformity with the decision in the text. — Ed.]