## HANSARD *v*. SHARP.

RECISSION OF CONTRACT FOR SALE OF LAND *on the ground of gross inadequacy of consideration.*

A contract was made for the sale of land, where without any fraud on the part of the purchaser, the consideration paid was so grossly and glaringly inadequate that relief was granted in equity. The Supreme Court, not being able to rest the case on any satisfactory legal principles, adjudged "according to the very right of the case," and affirmed the decree.

GREEN J. :

A cause more difficult to fix upon clear and satisfactory grounds I have never seen. It has been argued ably and zealously at a former term, and again and at this term.

It is a bill whereby Hansard seeks to set aside a contract transferring his interest in an estate in Virginia. The estate was in litigation there; but the question was as to the quantity of interest, not as to the existence or the validity of an interest or claim. Neither party knew what the amount would be, but Hansard knew it would not be less than $1200 or $1500. Sharp knew nothing but what Hansard told him. Hansard sold to Sharp for $200; but Sharp has actually received from said Hansard interest in the estate $3000—and may receive much more. But before making a trade which has proven so advantageous, Sharp actually took a bond from Hansard to refund the two hundred dollar purchase money in case he, Sharp, should fail to realize any thing out of the estate purchased! So Sharp got the certainty of an estate worth from $1200 to $1500, with a chance of being able to realize $3000 out of his bargain, for $200, and without risking a cent! It is a case of inadequacy purely, but so gross and glaring as to strike an observer with surprise and astonishment.

A conveyance for one seventh part of the certain profits, and a bond to refund even that! There is no fraud or villainy attached to Sharp in the transaction, nor do we regard this refunding bond as fixing upon it the character of a mortgage. Yet it is an important circumstance to enable us to decide the case without coming into conflict with the established authorities.

This Court has always held that mere inadequacy is not a cause for which they will set aside a contract, but the Court will look to that as a circumstance, and that connected with other circumstances may support an inference of unfairness upon which the Court can act. (1) This effect of inadequacy of price as a ground of relief, is merely to furnish evidence of unfairness in the bargain. The case here is stronger than any in the books. It is startling. It puts the mind upon the inquiry what motives could be operating upon the mind of the vendor. We naturally seek to discover the secret influeuces brought to bear upon him. Would a sane man make such a contract, uninfluenced by some cause which we cannot see ? Would a fair man take such a contract ? If not, ought a Court of equity to permit him to do it ? I think not.

It is insisted here that Hansard confirmed this contract in conversation ; that he expressed himself satisfied ; that his family being dissatisfied, he had thonght of contesting the bargain ; but that he had concluded to abide by it, and that a load was removed from his mind. The complianant was a weak man, and had conceived

(1) ' Wright v. Wilson, 2 Yerg. 294. And the inadequacy must be gross and shocking, such as amounts to proof of fraud. Hardman v. Burge, 10 Yerg. 202, 204 ; White v. Flora, 2 Tenn. 426, 430 ; Deaderick v. Walkins, 8 Humph. 520.

Hansard v. Sharp.

a high idea of his influence in his church ; a preacher attaching undue importance to the weight of his example and standing before his congregation. These conversations were with members of his church, and the expressions used were not spoken in view of a clear conception of the right of the case.

We affirm the decree, granting relief ; but there is not a member of the Court who does not feel the difficulty of the case. We feel that we adjudge according to the very right of the case. Upon legal principles our convictions are not so clear ; but the strength of our impressions are in favor of the decree. [2]

*Decree affirmed.*

(2) Wright v. Wilson, 2 Yerg. 294; citing Gwynne v. Heaton, Brown's Chancery Cases 9; Herne v. Mettelers, 1 Vern. 465; Heathcote v. Paignon, 2 Brown's Chancery Cases 167 ; Sugden on Vendors, 193.