JOHN C. ALLEN, administrator, *vs.* LEOMINSTER SAVINGS
BANK & another.

Worcester.   Jan. 9. — April 4, 1883.   FIELD & W. ALLEN, JJ., absent.

A. mortgaged a parcel of land to B., and subsequently mortgaged the same land
   to C. by a deed which was signed and sealed by B. as well as by A., but B.'s
   name did not appear in the deed except in the *in testimonium* clause, as "mort-
   gagee named in a mortgage on said premises, for the purpose of discharging
   said mortgage." This deed was acknowledged by A. but not by B., and was
   recorded. No reference was made on the margin of the record of the first mort-
   gage to the second. After this B. died, and his administrator assigned the first
   mortgage to D., who purchased it in good faith and for a valuable consid-
   eration. C. and D. then foreclosed their mortgages. *Held*, that D. could not
   maintain a writ of entry against C. to obtain possession of the land.

WRIT OF ENTRY, dated May 20, 1882, by the administrator
of Asa Pierce, against the Leominster Savings Bank and John B.
Allen, to recover a parcel of land in Leominster. The case was
submitted to the Superior Court, and, after judgment for the
tenants, to this court, on appeal, on agreed facts, in substance
as follows:

On May 27, 1870, the tenant Allen executed a mortgage, in
the usual form, of the demanded premises, with other real es-
tate, to Nancy Conant.

On October 10, 1870, the tenant Allen executed a mortgage
of the demanded premises to the tenant bank. The deed con-
tained a covenant that the premises were free from all incum-
brances, and was in the usual form except the *in testimonium*
clause, which was as follows: "In witness whereof we, the said
John B. Allen and Louise E. Allen, his wife (and Nancy Co-
nant, mortgagee named in a mortgage on said premises, for the
purpose of discharging said mortgage so far as the premises
hereby conveyed are concerned), said wife in token of her
release of all right and title of or to both dower and homestead
in the granted premises, have hereunto set our hands and seals
this tenth day of October in the year of our Lord eighteen
hundred and seventy." This deed was signed and sealed by
Allen and his wife, and by Conant. It was acknowledged by
Allen alone, and was duly recorded. Conant's name nowhere
appeared in this mortgage, except in the *in testimonium* clause.

She signed the deed without consideration, and did not release her interest in the demanded premises, unless such is the effect of her signature to the mortgage to the bank.

On February 2, 1875, the administrators of Conant's estate assigned the first mortgage to Asa Pierce, who paid full consideration for it. Neither the administrators of Conant nor Pierce then knew of the fact that Conant had signed the mortgage to the bank; and no reference was made on the margin of the record of the first mortgage in the registry of deeds to the second mortgage.

On March 25, 1881, the demandant, as administrator of Pierce's estate, entered upon the premises for a breach of the conditions of the mortgage and for the purpose of foreclosure, and a certificate of such entry was duly recorded in the registry of deeds. The mortgage note is still unpaid.

On May 8, 1882, the bank entered upon the demanded premises for a breach of the conditions of its mortgage and for the purpose of foreclosure, and a certificate of such entry was duly recorded in the registry of deeds. John B. Allen now occupies the premises as a tenant of the bank.

Demand was duly made upon both tenants, before the date of the writ.

If, upon the foregoing facts, the demandant was entitled to possession of the premises, judgment was to be entered for him; otherwise, judgment for the tenants.

*H. Mayo*, for the demandant, cited *Stearns* v. *Swift*, 8 Pick. 532, 536.

Tenants, *pro se.*

DEVENS, J. The statutes of the Commonwealth provide two ways by which a mortgage may be discharged; namely, by an entry acknowledging satisfaction thereof, made on the margin of the record of the mortgage in the registry of deeds and signed by the mortgagee, and also by a deed of release duly acknowledged and recorded. Gen. Sts. c. 89, § 30. Pub. Sts. c. 120, § 24.

When the mortgagee joined in a conveyance of the mortgaged premises, for the purpose of discharging the mortgage, although her name was not in the granting clause, she in effect released the premises from the incumbrance which the mortgage had theretofore been upon them, so far at least as the savings

bank was concerned. The words are not to be construed as the mere declaration of a purpose, but constituted an act, when her hand and seal were affixed thereto, by which her purpose was accomplished.

It is said that there is no grantee in this discharge, but the intent of that which was done was that the savings bank, which was named in the granting portion of the deed, should secure a good title, and the bank must be held to be the grantee, if any be necessary. We are not prepared to say that any is necessary. The deed of release referred to in the statute, like the entry of satisfaction upon the record, is a mode of discharging the mortgage, intended to operate for the benefit of any one who may possess the title to the real estate upon which it is an incumbrance.

Nor is the effect different if it be held that this discharge would operate only as an estoppel. It is an estoppel that binds her and those who claim under her.

As the signature of the mortgagee discharged the premises conveyed from the mortgage, the acknowledgment of one of the grantors was sufficient. *Pidge* v. *Tyler,* 4 Mass. 541. *Shaw* v. *Poor,* 6 Pick. 86.                        *Judgment affirmed.*