HONORA O'NEIL vs. MARY A. WEBSTER.

Suffolk.   November 20, 21, 1889. — January 4, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage — Forgery of Discharge — Registration — Acknowledgment by Mortgagee — Certificate of Justice of the Peace — Estoppel.*

A mortgagor, having forged the signature of the mortgagee, a woman, to a discharge of the mortgage, deceived a justice of the peace into believing that her oral acquiescence in the extension of another mortgage was an acknowledgment that this discharge was her deed, and fraudulently induced the justice to attest the signature, and to certify to her acknowledgment of the forged instrument before him.  The discharge was then duly recorded in the registry of deeds. *Held,* that the certificate of the justice of the peace to the acknowledgment was not conclusive that she executed the discharge, and that she was not estopped from denying that she executed it.

BILL IN EQUITY, filed in the Superior Court on March 30, 1889, to prevent the foreclosure of a mortgage of land.   At the hearing, before *Lathrop*, J., there was evidence tending to prove the following facts.

Charles C. Kendall, the owner of the land, which was situated on National Street in Boston, gave the mortgage in question to the defendant on April 17, 1886, and it was duly recorded.   The defendant at the same time held another mortgage from Kendall of land on Dorchester Street.   In September, 1886, the plaintiff, intending to purchase the land on National Street, caused the title to be examined, when the above mortgage was found to be undischarged upon the records in the registry of deeds.   Thereupon Kendall, who had secured the defendant's assent to an extension of the mortgage of the land upon Dorchester Street, prepared what purported to be a discharge of the mortgage in question, in proper form, and signed the name of the defendant thereto.   On the next day, he went to the defendant's house in company with a justice of the peace, taking this discharge of the mortgage with him.   The justice of the peace was there introduced to the defendant as such, and she was asked whether the paper containing the discharge, which was held before her, but which she was not asked to sign, was not her free act and deed.   She supposed that the paper related to the extension of the other

mortgage, and, without taking the paper, nodded assent; where-upon Kendall and the justice went away. Immediately after-wards, on the same day, the justice, at the request of Kendall, affixed his name to the discharge, as a witness to the signature of the defendant, and appended thereto and signed in his official capacity a recital to the effect that " then personally appeared the above named Mary A. Webster, and acknowledged the fore-going instrument to be her free act and deed before me." This discharge having been duly recorded, Kendall informed the plain-tiff of that fact. The title was again examined in the registry of deeds, and the mortgage found to be apparently discharged upon the records. The plaintiff then accepted a deed of the land from Kendall, dated October 14, 1886, purporting to convey the land to her free from all incumbrances, and paid full consideration to him therefor. Subsequently there was a breach of condition of the mortgage in question, and the defendant proceeded to fore-close the same.

The judge made a decree that the mortgage was valid and subsisting, and that the defendant had a right to foreclose it, and that the alleged discharge of the mortgage was not signed by the defendant, nor by her authority, and was not acknowl-edged by her, and dismissed the bill; and the plaintiff appealed to this court.

*R. Lund & M. J. Creed*, for the plaintiff.

*G. J. Tufts*, for the defendant.

W. ALLEN, J. The evidence shows that the defendant never executed the release of the mortgage, and that her signature to it was forged. The plaintiff contends that the certificate of the justice of the peace that the defendant acknowledged the deed is conclusive that she executed it. The only use of the certifi-cate of acknowledgment of a deed by a grantor is to entitle it to be recorded. It is familiar law, that the registry of a deed is not conclusive proof of its execution. When the original deed is the proper evidence, its execution must be proved as if it were not recorded. When a copy of a deed from the registry is compe-tent, the registry is *prima facie* proof of its execution, but not conclusive. *Pidge* v. *Tyler*, 4 Mass. 541. *Eaton* v. *Campbell*, 7 Pick. 10. *Commonwealth* v. *Emery*, 2 Gray, 80. *Samuels* v. *Borrowscale*, 104 Mass. 207.

It is then contended by the plaintiff, that the defendant adopted the signature and acknowledged the deed to be hers. But the evidence shows that the defendant had no knowledge of the discharge, and did not acknowledge any paper to be her deed; but that Kendall, the mortgagor and the forger of the discharge, deceived the justice of the peace into believing that an acknowledgment to Kendall by the defendant that she had orally extended another mortgage was an acknowledgment that this discharge was her deed, and fraudulently induced the justice to attest her signature, and to certify to her acknowledgment of the instrument before him. We cannot see that the mistake of the justice was caused by any negligence or fault on the part of the defendant, or that she is in any way estopped to show the truth.     *Decree affirmed.*