ELIAS R. HUNNEWELL *vs.* J. W. DUXBURY & others.

Suffolk.   March 17, 1890. — September 2, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Corporation — Certificate — Fraudulent Representations — Action of Deceit.*

If the officers of a foreign corporation execute the certificate required by the St. of 1884, c. 330, § 3, to enable the corporation to file it with the commissioner of corporations in order that the corporation may do business in this State, an individual who finds it there on file, and is induced by misstatements contained therein to take the promissory notes of the corporation, cannot maintain an action of deceit therefor against such officers.

TORT, for fraudulent representations alleged to be made by the defendants as directors of the Electric Advertising Company.

The defendants' answer contained a demurrer to the second count of the declaration, which was overruled in the Superior Court; and the defendants appealed to this court. The case was then tried before *Pitman*, J., and, after a verdict for the plaintiff, the defendants alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in March, 1890, and afterwards, in June, 1891, was submitted on the briefs to all the judges.

*C. R. Darling & W. S. Slocum*, (*W. F. Slocum* with them,) for the defendants.

*F. McIntire*, (*J. Woodbury* with him,) for the plaintiff.

BARKER, J.  The action is tort for deceit, in inducing the plaintiff to take notes of a corporation by false and fraudulent representations, alleged to have been made to him by the defendants, that the capital stock of the corporation, amounting to $150,000, had been paid in, and that patents for electrical advertising devices, of the value of $149,650, had been transferred to it.

From the exceptions, it appears that the corporation was organized in January, 1885, under the laws of Maine, and engaged in business in Massachusetts; that it filed with the commissioner of corporations a certificate containing the above statements, dated August 11, 1885, as required by the St. of 1884, c. 330, § 3,* signed by the defendants, with a jurat stating that on that

---

* The St. of 1884, c. 330, is an act concerning foreign corporations, except foreign insurance companies, having a usual place of business in this Commonwealth.  Section 3 is as follows: " Every such company before transacting business in this Commonwealth shall file with said commissioner a copy of its charter or certificate of incorporation, and a statement of the amount of its capital stock, and the amount paid in thereon to its treasurer, and if any part of such payment has been made otherwise than in money the statement shall set forth the particulars thereof, and said statement shall be subscribed and sworn to by its president, treasurer, and by a majority of its directors or officers having the powers usually exercised by directors.  All such companies now doing business in this Commonwealth shall file such copy and such statement on or before the first day of October next, provided such business is thereafter continued.  Every officer of a corporation which fails to comply with the requirements of this act, and every agent of such corporation who transacts business as such in this Commonwealth shall for such failure be liable to a fine not exceeding five hundred dollars; but such failure shall not affect the validity of any contract by or with such corporation. Every such company shall pay into the treasury ten dollars for filing the copy of its charter, and five dollars for filing the statement required by this section."

date they had severally made oath that the certificate was true, to the best of their knowledge and belief; that before the plaintiff took the notes the contents of this certificate had been communicated to him by an attorney whom he had employed to examine the records; and that he relied upon its statements in accepting the notes. There was no other evidence of the making of the alleged representations.

The main question, which is raised both by the demurrer to the second count of the declaration and by the exceptions, is whether the plaintiff can maintain an action of deceit for alleged misstatements contained in the certificate. In the opinion of a majority of the court this question should have been decided adversely to the plaintiff. The execution by the defendants of the certificate to enable the corporation to file it under the St. of 1884, c. 330, § 3, was too remote from any design to influence the action of the plaintiff to make it the foundation of an action of deceit.

To sustain such an action, misrepresentations must either have been made to the plaintiff individually, or as one of the public, or as one of a class to whom they are in fact addressed, or have been intended to influence his conduct in the particular of which he complains.

This certificate was not communicated by the defendants, or by the corporation, to the public or to the plaintiff. It was filed with a State official for the definite purpose of complying with a requirement imposed as a condition precedent to the right of the corporation to act in Massachusetts. Its design was not to procure credit among merchants, but to secure the right to transact business in the State.

The terms of the statute carry no implication of such a liability. Statutes requiring similar statements from domestic corporations have been in force here since 1829, and whenever it was intended to impose a liability for false statements contained in them there has been an express provision to that effect; and a requisite of the liability has uniformly been that the person to be held signed knowing the statement to be false. St. 1829, c. 53, § 9. Rev. Sts. c. 38, § 28. Gen. Sts. c. 60, § 30. St. 1870, c. 224, § 38, cl. 5. Pub. Sts. c. 106, § 60, cl. 5. To hold that the St. of 1884, c. 330, § 3, imposes upon those officers of a foreign

corporation who sign the certificate, which is a condition of its admission, the added liability of an action of deceit, is to read into the statute what it does not contain.

If such an action lies, it might have been brought in many instances upon representations made in returns required of domestic corporations, and yet there is no instance of such an action in our reports. In *Fogg* v. *Pew*, 10 Gray, 409, it is held that the misrepresentations must have been intended and allowed by those making them to operate on the mind of the party induced, and have been suffered to influence him. In *Bradley* v. *Poole*, 98 Mass. 169, the representations proved and relied on were made personally by the defendant to the plaintiff, in the course of the negotiation for the shares the price of which the plaintiff sought to recover. *Felker* v. *Standard Yarn Co.* 148 Mass. 226, was an action under the Pub. Sts. c. 106, § 60, to enforce a liability explicitly declared by the statute.

Nor do we find any English case which goes to the length necessary to sustain the plaintiff's action. The English cases fall under two heads : 1. Those of officers, members, or agents of corporations, who have issued a prospectus or report addressed to and circulated among shareholders or the public for the purpose of inducing them to take shares. 2. Those of persons who, to obtain the listing of stocks or securities upon the stock exchange in order that they may be more readily sold to the public, have made representations to the officials of the exchange, which in due course have been communicated to buyers. *Bagshaw* v. *Seymour*, 32 L. T. 81. *Bedford* v. *Bagshaw*, 4 H. & N. 538. *Watson* v. *Earl of Charlemont*, 12 Q. B. 856. *Clarke* v. *Dickson*, 6 C. B. (N. S.) 453. *Jarrett* v. *Kennedy*, 6 C. B. 319. *Campbell* v. *Fleming*, 1 A. & E. 40. *Peek* v. *Derry*, 37 Ch D. 541, and 14 App. Cas. 337. *Angus* v. *Clifford*, [1891] 2 Ch. 449. In these cases the representations were clearly addressed to the plaintiffs among others of the public or of a class, and were plainly intended and calculated to influence their action in the specific matter in which they claimed to have been injured. So, too, in the American cases relied on to support the action. *Morgan* v. *Skiddy*, 62 N. Y. 319. *Terwilliger* v. *Great Western Telegraph Co.* 59 Ill. 249. *Paddock* v. *Fletcher*, 42 Vt. 389. The numerous cases cited in the note to *Pasley* v. *Free-*

*man,* in 2 Smith's Lead. Cas. (9th Am. ed.) 1320, are of the same character.

In the case at bar, the certificate was made and filed for the definite purpose, not of influencing the public, but of obtaining from the State a specific right, which did not affect the validity of its contracts, but merely relieved its agents in Massachusetts of a penalty. It was not addressed to or intended for the public, and was known to the plaintiff only from the search of his attorney. It could not have been intended or designed by the defendants that the plaintiff should ascertain its contents and be induced by them to take the notes. It is not such a representation, made by one to another with intent to deceive, as will sustain the action. Its statements are in no fair sense addressed to the person who searches for, discovers, and acts upon them, and cannot fairly be inferred or found to have been made with the intent to deceive him.

This view of the law disposes of the case, and makes it unnecessary to consider the other questions raised at the trial.

*Demurrer and exceptions sustained.*