DINSMORE *v.* NATIONAL HARDWOOD CO.

1. LICENSES—CORPORATIONS—CERTIFICATE OF SECURITIES COMMISSION No GUARANTY TO PUBLIC.

  The issuing of a certificate by the securities commission to a corporation to sell its stock and securities in this State was never intended as a guaranty to the public that it could, with impunity, engage in their purchase.[1]

2. FRAUD—ACTION FOR FRAUD MAY NOT BE BASED UPON MISREPRESENTATIONS TO SECURITIES COMMISSION.

  An action for fraud and deceit in the sale of corporate stock may not be based upon misrepresentations made to the securities commission in order to obtain permission to offer the securities of the corporation for sale, where plaintiff makes no claim that he knew of or relied upon the truthfulness of the disclosures to the commission.[2]

3. SAME—ACTION MAY NOT BE BASED UPON MISREPRESENTATIONS TO OTHERS THAN PLAINTIFF.

  A party may not base an action for fraud and deceit in the sale of corporate stock upon misrepresentations made to some one other than himself, where they were never intended to reach him or to operate as an inducement for him to buy.[3]

Error to Kent; Brown (William B.), J. Submitted January 7, 1926. (Docket No. 42.) Decided April 14, 1926.

Case by Stephen M. Dinsmore against the National Hardwood Company and others for fraud in the sale of corporate stock. From an order granting a motion to dismiss, plaintiff brings error. Affirmed.

*Norris, McPherson, Harrington & Waer,* for appellant.

*Knappen, Uhl & Bryant,* for appellee.

[1]Licenses, 37 C. J. § 165; [2]Fraud, 26 C. J. § 57; [3]Id., 26 C. J. § 74.

SNOW, J. The plaintiff assigns error upon the dismissal of his declaration by the trial judge. This is one of a number of cases recently brought into this court involving what is claimed to have been fraudulent sales of securities of the National Hardwood Company, a Delaware corporation. *Thomson* v. *Kent Circuit Judge,* 230 Mich. 354; *Chapple* v. *Jacobson, post,* 558; *Chapple* v. *National Hardwood Co., ante,* 296, and *Dinsmore* v. *National Hardwood Co., ante,* 300. The record does not disclose that defendants Jacobson and Sempliner were ever served with process.

By admission of counsel for plaintiff, the fraud as alleged in the declaration is based solely upon doings and proceedings before the Michigan securities commission prior to its authorization of the sale by said corporation of its stocks and bonds. The circuit judge held:

"Under the circumstances of this case as alleged in the declaration, the proceedings had and acts done and the statements made before the Michigan securities commission do not constitute a cause of action against the National Hardwood Company, defendant. For this reason, the declaration is dismissed."

The sole question before us is as to the correctness of this holding, and we assume in our discussion that the declaration sufficiently alleges material misrepresentations to the commission as to the true status of the company, in what respects it is unnecessary to refer.

Act No. 46, Pub. Acts 1915 (3 Comp. Laws 1915, § 11945 *et seq.*), as amended by Act No. 404, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11945 *et seq.*), now repealed (Act No. 220, Pub. Acts 1923), was in effect at the time of the alleged fraud on the securities commission. It required, among other things, foreign corporations to obtain permission before offering its stock and securities for sale in this State. Applica-

tion, containing a statement of the financial condition of the corporation, its assets and liabilities, together with a copy of its prospectus and advertising matter, had to be first filed with the commission.    3 Comp. Laws 1915, § 11948.    From this application and such additional information as the commission might demand or acquire, it made its determination on the right to sell.    Its records were open to the public. The statute made it a misdemeanor for any one to make false representation for the purpose of deceiving the commission (3 Comp. Laws 1915, § 11963), punishable by fine or imprisonment or both (3 Comp. Laws 1915, § 11967).

The issuing of a certificate by the commission to a corporation to sell its stock and securities was not, nor was it ever intended, as a guaranty to the public that it could with impunity engage in their purchase. To guard against conveying any such impression to any one, the statute expressly provided that there should be printed on such certificate, in type two sizes larger than any other part of the certificate, the words: "The commission does not recommend the purchase of this security." 3 Comp. Laws 1915, § 11953. The application is not made to be used as an inducement to the public to buy the securities of the applicant, but only to give the commission such information as it may require in order that permission to offer the securities for sale may be obtained. Representations to the commission are not intended for the prospective purchaser, and unless he knows and relies upon them when he purchases, it cannot be advanced that he was in any way influenced by them. Plaintiff makes no claim that he knew of or relied upon the truthfulness of disclosures to the commission. While all records of the proceedings before the commission were at all times open to his inspection, he gave them no attention or consideration until long

after he had made the purchase complained of. Shall he then be now permitted to invoke the question of fraud and deceit in representations he claims were made to some one other than himself, never intended to reach him, nor to operate as an inducement for him to buy? This court has not been called upon heretofore to deal directly with this subject, but after a careful review of the authorities cited by counsel for the respective parties, and from our research, we are not able to find authority upon which appellant's position may be sustained, but in reason, and from strong, well considered, and exhaustive opinions from other jurisdictions, we hold that the question must be answered in the negative. Following is a brief review of some of these authorities:

*Peek* v. *Gurney,* 6 Eng. & Ir. App. 377, is a leading case and referred to in practically all of the reported cases which may be regarded as in point. Here a false prospectus was put out by the corporation to induce subscriptions to its stock, and the corporation was held liable to all persons subscribing directly in reliance upon such false prospectus. But it was also held that there was no liability to persons who purchased the stock in the open market in reliance upon the prospectus, and that the false representations could only be relied upon by persons to whom they were addressed or intended to be communicated, viz., such persons as subscribed directly of the corporation.

*Hunnewell* v. *Duxbury,* 154 Mass. 286 (28 N. E. 267, 13 L. R. A. 733). In this case a Maine corporation sought to do business in Massachusetts. In order to do so it had filed with the commissioner of corporations of that State a certificate containing certain false statements as to its assets. The plaintiff claimed to have known of and relied upon these false statements and bought the company's notes because thereof. In holding that no action could be maintained because of

the misstatements contained in the certificate, the court said:

"The main question, which is raised both by the demurrer to the second count of the declaration and by the exceptions, is whether the plaintiff can maintain an action of deceit for alleged misstatements contained in the certificate.     In the opinion of a majority of the court this question should have been decided adversely to the plaintiff.     The execution by the defendants of the certificate to enable the corporation to file it under the St. of 1884, c. 330, § 3, was too remote from any design to influence the action of the plaintiff to make it the foundation of an action for deceit. To sustain such an action misrepresentations must either have been made to the plaintiff individually, or as one of the public, or as one of a class to whom they are in fact addressed, or have been intended to influence his conduct in the particular of which he complains.     This certificate was not communicated by the defendants, or by the corporation, to the public or to the plaintiff.     It was filed with a State official for the definite purpose of complying with a requirement imposed as a condition precedent to the right of the corporation to act in Massachusetts.     Its design was not to procure credit among merchants, but to secure the right to transact business in the State."

And again:

"In the case at bar, the certificate was made and filed for the definite purpose, not of influencing the public, but of obtaining from the State a specific right, which did not affect the validity of its contracts, but merely relieved its agents in Massachusetts of a penalty.     It was not addressed to, or intended for the public, and was known to the plaintiff only from the search of his attorney.     It could not have been intended or designed by the defendants that the plaintiff should ascertain its contents and be induced by them to take the notes.     It is not such a representation, made by one to another with intent to deceive, as will sustain the action.     Its statements are in no fair sense addressed to the person who searches for, discovers and acts upon them, and cannot fairly be

inferred or found to have been made with the intent to deceive him."

*Greene* v. *Mercantile Trust Co.,* 111 N. Y. Supp. 802.   Here, too, the action was for fraud and deceit based on a false prospectus issued and circulated by the defendants.   The case of *Peek* v. *Gurney, supra,* was declared as "undoubtedly the law" of the State of New York; citing *Brackett* v. *Griswold,* 112 N. Y. 470 (20 N. E. 376) ; *Kuelling* v. *Lean Manfg. Co.,* 183 N. Y. 78 (75 N. E. 1098, 2 L. R. A. [N. S.] 303, 5 Ann. Cas. 124, 111 Am. St. Rep. 691) ; *Squiers* v. *Thompson,* 73 N. Y. App. Div. 555 (76 N. Y. Supp. 734).

The court further said:

"One of the essential elements necessary to sustain actions of this nature is that the false representations made should have been intended to influence the action of the particular person defrauded, or the action of a class of which he is a constituent member."

Also,

"On the face of the prospectus we cannot see how the plaintiff can base any right of action against the defendants for deceit in buying the stock of the ship-building company, for he was not the person addressed or intended to be influenced by it."

*Hindman* v. *National Bank,* 50 C. C. A. 623, 112 Fed. 931 (57 L. R. A. 108).   In the State of Kentucky, an insurance company could not do business until all its capital stock had been actually paid in in cash, nor until the insurance commissioner was satisfied of this fact and issued a license.   The defendant bank made certificate that it had on deposit such an amount.   Before the plaintiff bought stock he went to the office of the insurance commissioner and examined the certificate of the bank, and bought stock in the company relying on its truth.   It was not true, the stock was worthless, and plaintiff brought

suit against the bank.        It was held that the plaintiff had no right to rely upon the certificate unless the company actually referred him to the certificate. Without such reference the court argues:

"To what extent did the plaintiff have a right to rely upon the truth of the representations contained in the cashier's certificate?        Some direct connection between the bank and the plaintiff in error in the communication of this certificate is essential to a recovery. If the statement was addressed to, and intended only to influence the action of the State insurance commissioner in respect to the licensing of the insurance company, he cannot sustain a recovery, even though he and others may have been led into the purchase of the shares of the insurance company as a consequence of the action of the insurance commissioner in admitting the company to do business upon the representation of the bank's certificate.        The plaintiff's action, in the aspect of it now under consideration, is for fraud and deceit and such an action must be bottomed upon false representations made to him, and with intent that he should be influenced thereby.        The plaintiff does not sufficiently connect himself with the representations by the bare fact that he bought stock in a company which was improperly admitted to do business upon representations addressed to the State commissioner.        The injury in such case is too remote."

A writ of certiorari in this case was denied by the United States Supreme Court.        186 U. S. 483 (22 Sup. Ct. 943).

*Cheney* v. *Dickinson*, 96 C. C. A. 314, 172 Fed. 109 (28 L. R. A. [N. S.] 359).        This was an action to recover damages because of a false prospectus put out by the company.        The plaintiff, however, purchased stock from another stockholder at less than par, relying upon statements in the prospectus.        In denying the right of recovery, the court said:

"Only one inference can be drawn from the prospectus.        The defendants were inviting everyone into

whose hands the prospectus should come to buy treasury stock. This was in aid of the conspiracy, and the only conspiracy, which the evidence tended to sustain. And to all persons who bought treasury stock—who paid their money into the fund over which the defendants had a control and interest in common—relying on the truth of the statements of fact in the prospectus, all of the defendants who were parties to the false statements might well be held answerable in damages. But the plaintiff, so far as the defendants were concerned, was a purchaser on the market. And while the sponsors for false prospectuses that are issued to bring in money to the common treasury are justly made to respond to all persons who take the invited action, yet the law recognizes no right of action in one who relies without invitation on a statement addressed to a particular class which he stays out of."

The action in the instant case, based entirely upon claimed fraud and deceit upon the securities commission, must, in view of all recognized authority, fail. The proceedings before the commission, under the law, were for the commission, and not intended to influence the public in buying the company's securities. The circuit judge was right in his conclusion that, in the case presented by the declaration, plaintiff had no right of action against the National Hardwood Company.

The exceptions of plaintiff are dismissed, with costs to the defendant.

BIRD, C. J., and SHARPE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred. STEERE, J., took no part in this decision.