GREENVILLE NATIONAL BANK *v.* NATIONAL HARDWOOD CO.

1. FRAUD — ESSENTIAL ELEMENTS — INTENTION IN MAKING FALSE REPRESENTATIONS.

> One of the essential elements necessary to sustain an action for fraud in the sale of corporate bonds and stock is that the false representations made should have been intended to influence the action of the particular person defrauded, or the action of a class of which he is a constituent member.

2. SAME—RELIANCE MAY NOT BE HAD ON FALSE REPRESENTATIONS MADE TO THIRD PARTIES.

> A bank may not base an action for fraud in the sale of corporate bonds and stock upon false representations contained in letters to certain brokers selling the bonds and stock and in a letter to the stockholders, where neither it nor its assignors were stockholders at the time the letters went out from the corporation, and they did not buy any treasury stock or bonds or stock from the brokers to whom the letters went, but they bought in the open market from third persons a long time after the letters were written.

[1]Fraud, 26 C. J. § 46; 1 L. R. A. (N. S.) 258; 12 R. C. L. 359; [2]Corporations, 14 C. J. § 1085 (Anno); Fraud, 26 C. J. § 46.

3. SAME—ACTION PROPERLY DISMISSED WHERE DECLARATION FAILS TO STATE CAUSE.

Where, in an action for fraud in the sale of bonds and stock, the declaration failed to state a cause of action against the defendants, the trial court properly granted a motion to dismiss.

Error to Montcalm; Hawley (Royal A.), J.   Submitted June 10, 1927.   (Docket No. 63.)   Decided. February 14, 1928.

Case by the Greenville National Bank against the National Hardwood Company, Joseph J. Jacobson, Oscar B. Wilmarth, and Joseph Noorthoek for fraud in the sale of corporate bonds and stock.   From an order granting a motion to dismiss, plaintiff brings. error.   Affirmed.

*Norris, McPherson, Harrington & Waer,* for appellant.

*Robert S. McAllister,* for appellee National Hardwood Co.

*Butterfield, Keeney & Amberg,* for appellee Wilmarth.

*J. T. & T. F. McAllister,* for appellee Jacobson.

*Ward & Strawhecker,* for appellee Noorthoek.

MCDONALD, J.   This suit was brought to recover damages sustained in the purchase of certain bonds and stock, because of the wrongful acts and negligence of the National Hardwood Company and its directors. The declaration alleges that the plaintiff and others who have assigned their causes of action to it, purchased bonds and stock of the National Hardwood Company in reliance upon statements and acts of the defendants which proved to be false and fraudulent.

---

³Fraud, 27 C. J. § 147.

Before entering their appearance and pleading all of the defendants filed motions to dismiss on various grounds, the principal one being that the declaration did not state a cause of action because it did not allege that the bonds and stock were purchased from the defendants or any of them.　On hearing the motions the circuit judge held that, for the reason stated, there could be no recovery, and entered an order dismissing the cause.　The plaintiff has brought error.

In such cases an allegation that the bonds were bought from the defendants is not always necessary, but it is important because it always shows a direct connection between those who claim to have been deceived and those who made the false representations. The fault with this declaration is that it does not show any direct connection between the plaintiff and the defendants in the purchase of the bonds and stock. It does not show that any representations were made directly to the plaintiff or its assignors or were intended to be made to them by the defendants or any of them. The false representations relied upon were contained in three letters.　Two of them were addressed to certain brokers who were selling bonds and stock.　The other letter was sent to the stockholders offering to them the first opportunity to buy some treasury stock which the company was about to put on the market. No prospectus or other advertising matter was sent out to the general public.　The plaintiff and its assignors were not stockholders at the time the letter to stockholders was sent out.　They did not buy any of the treasury stock.　They did not buy any bonds or stock from the brokers to whom the other letters were addressed.　They bought in the open market from third persons a long time after the letters complained of were written.

"One of the essential elements necessary to sustain actions of this nature is that the false representations made should have been intended to influence the action

of the particular person defrauded, or the action of a class of which he is a constituent member." *Greene* v. *Mercantile Trust Co.,* 111 N. Y. Supp. 802, 806.

The representations made in the letter to stockholders were made to a class to which the plaintiff did not belong. The representations made to the brokers were not made to the plaintiff and its assignors because they had no dealings with the brokers and make no claim that they were shown these letters. It is true that the letters were issued to induce the purchase of stock and bonds, but they do not accompany the bonds and shares of stock as they travel in their course up and down the market. The representations complained of were not made to induce the purchase of bonds from third parties. The controlling question in all these cases is, Who did the defendants intend to influence by their representations? *Hindman* v. *National Bank,* 112 Fed. 931 (57 L. R. A. 108).

We believe that the question here involved is ruled by *Dinsmore* v. *National Hardwood Co.,* 234 Mich. 436, and cases therein cited. In that case we adopted the principles of *Peek* v. *Gurney,* 6 Eng. & Ir. App. 377. It is a leading case on the subject. But it should be understood that in approving of *Peek* v. *Gurney* we did not intend to hold that, in order to sustain an action, the bonds must in all cases be purchased from the parties who make the false representations.

In *Hindman* v. *National Bank, supra,* Judge Lurton, speaking for the court, said:

"But it was never meant to decide in *Peek* v. *Gurney* that a company's prospectus might not be broad enough to stand not only as an invitation to original allotees, but to all others, who might be disposed to deal in the company's shares."

It is our conclusion that the declaration does not state a cause of action, and that the circuit judge was right in granting the motions to dismiss. This conclusion is not out of harmony in any way with our

holding in *Smalley* v. *McGraw*, 148 Mich. 384, a case cited and relied on by counsel for the plaintiff.    That case is distinguishable in this, that there the false representations were made to the public.

The judgment is affirmed, with costs to the defendants.

FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred.

Justice STEERE and the late Justices SNOW and BIRD took no part in this decision.