NEW ENGLAND BOND AND MORTGAGE COMPANY *vs.* LESLIE N. BROCK.

Suffolk. October 9, 1929. — January 21, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Notary Public. Actionable Tort. Negligence,* Of notary public.

In this Commonwealth, in the absence of a contractual relation existing between a notary public, who executed a certificate that a certain person appeared before him and acknowledged a document, purporting to be a discharge of a mortgage held by him, to be his free act and deed, and one who afterwards relied upon the validity of such discharge, the notary public is not liable either at common law or by statute in an action of tort for negligence in not ascertaining that the person making such purported acknowledgment was not the person he asserted himself to be.

TORT. Writ dated November 8, 1928.

The entire second count of the declaration was as follows: "Count 2. And the plaintiff says that on or about the

twenty-second day of May, 1928, the defendant was a notary public duly appointed in and for the Commonwealth of Massachusetts; that it was his duty as such notary public in taking acknowledgments of documents executed before him and in certifying to the same to use due care in ascertaining that the person signing and acknowledging such documents was in fact the person purporting to sign and acknowledge the same; that regardless of his duty in the premises the defendant on or about the twenty-second day of May, 1928, signed a certificate as notary public that one Nehemias Gorin had personally appeared before him and had acknowledged a document purporting to be a discharge of a certain mortgage held by said Gorin on two certain lots of land in Burlington, Massachusetts, to be his free act and deed; that said defendant signed said certificate in ignorance as to whether or not the person purporting to acknowledge before him was in fact Nehemias Gorin, and without taking any steps to ascertain his identity, and without exercising due care in the discharge of his functions as a notary public; that the said document was not in fact signed by Nehemias Gorin, and that the person appearing before the defendant was some person unknown representing himself to be the said Gorin; that in reliance upon the said alleged discharge of the said Gorin's mortgage and upon the certificate of acknowledgment by the defendant, the plaintiff advanced a large sum of money, to wit: the sum of $8,000 on the security of a mortgage on the lots of land referred to in the said alleged discharge and in the full confidence and belief that the said mortgage was a first mortgage by reason of the prior mortgage held by the said Gorin having been discharged by the said document certified to by the defendant; that the plaintiff exercised due care in examining the said alleged discharge and acknowledgment of the same and in relying upon the certificate of the defendant as a notary public before it advanced its money; that by reason of said negligence of the defendant the plaintiff has suffered great loss; all to the damage of the plaintiff."

The defendant demurred to each count of the declara-

tion. The demurrer was heard by *Weed,* J. The demurrer to the first count was sustained; that to the second count was overruled, and the judge reported the action to this court under G. L. c. 231, § 111.

*L. A. Mayberry,* (*W. F. Levis* with him,) for the defendant.

*P. R. Ammidon,* (*J. M. Spillane* with him,) for the plaintiff.

WAIT, J. This case was heard in the Superior Court on demurrer. The judge sustained the demurrer to the first count, overruled it to the second, and reported the case, before further proceedings in the trial court, upon the declaration, the demurrer, the order overruling the demurrer to the second count and the defendant's appeal. No contention is made that there was error in the ruling with regard to the first count.

The second count, in substance, alleges that, on May 2, 1928, the defendant was a notary public duly appointed; that it was his duty in taking acknowledgments of documents executed before him and in certifying them to use due care in ascertaining that the person signing and acknowledging such documents was in fact the person purporting to sign and acknowledge them; that, on that day, in disregard of that duty, he signed a certificate that Nehemias Gorin had personally appeared before him and acknowledged a document purporting to be a discharge of a mortgage held by said Gorin to be his free act and deed; that he so signed in ignorance whether or not the person purporting to acknowledge before him was in fact Nehemias Gorin and without taking steps to ascertain his identity, and without exercising due care in the discharge of his functions as a notary public; that the document was not in fact signed by Nehemias Gorin and that the person appearing before him was some person unknown representing himself to be said Gorin; that in reliance upon the said alleged discharge of Gorin's mortgage and upon the defendant's certificate of acknowledgment, the plaintiff advanced $8,000 on the security of a mortgage of the land referred to in the alleged discharge, in the full belief that

the mortgage was a first mortgage "by reason of the prior mortgage held by the said Gorin having been discharged by the said document certified to by the defendant"; that the plaintiff used due care in examining the alleged discharge and acknowledgment and in relying upon the certificate of the defendant as a notary public before it advanced its money; and that by reason of said negligence of the defendant the plaintiff has suffered great loss.

There are no allegations of a duty to take acknowledgments unless possibly by implication from the allegation that the defendant was a notary public; nor that the person purporting to acknowledge was not in fact the person who had signed the document purporting to be a release by Gorin; nor of any acts constituting due care other than looking at the discharge and the certificate of acknowledgment; nor of any facts showing loss to the plaintiff.

If we pass over these serious objections to the validity of the count, *Warren Bank* v. *Parker*, 8 Gray, 221, *Carney* v. *Proctor*, 237 Mass. 203, 206, there remains the fatal defect that it fails to set out any facts showing a relation between the defendant and the plaintiff out of which any duty toward the plaintiff on the part of the defendant arose. There was no contractual relation imposing a duty to use care. There was no duty imposed by law, and so no liability in tort, *Bergeron* v. *Forest*, 233 Mass. 392, 399, unless we are to decide that our law imposes upon persons authorized to take acknowledgments a duty toward every one who later relies upon the accuracy of the certificate.

Whatever may be the law elsewhere under statutes and conditions differing from our own, we are unable to find justification for such a decision in the law of Massachusetts. Here, as was stated in *O'Neil* v. *Webster*, 150 Mass. 572, 573, "The only use of the certificate of acknowledgment of a deed by a grantor is to entitle it to be recorded." This is borne out by the decisions in *Pidge* v. *Tyler*, 4 Mass. 541, *Shaw* v. *Poor*, 6 Pick. 86, *Learned* v. *Riley*, 14 Allen, 109, which state fully the history of our law and practice with regard to acknowledgments. Even the record, though *prima facie* evidence of execution of a deed, is not con-

clusive. *O'Neil* v. *Webster, supra.* The proceedings before a magistrate or a court to secure acknowledgment from an unwilling or neglectful or absent grantor, in the event that a document requiring record is not acknowledged, are not to determine the validity of the document but merely to authorize it to be recorded. See Report of the Commissioners on the Revised Statutes (1834) c. 59, § 15. The duty imposed by law is only a duty to the register of deeds, or recording officer. Compare *Houseman* v. *Girard Mutual Building & Loan Association,* 81 Penn. St. 256. The duty is similar to that imposed on a sheriff in the execution of writs and processes, where it is held that his liability does not extend beyond the parties to the suit, although a person later relying upon the action may have been injured through a neglect by himself or his deputies. *Harrington* v. *Ward,* 9 Mass. 251. Compare *Robertson* v. *Fleming,* 4 Macq. H. of L. Cas. (Sc.) 167.

In the early case, *Catlin* v. *Ware,* 9 Mass. 218, it was held that acknowledgment by the husband alone was enough to secure record of a deed which conveyed the wife's dower, thus indicating that the purpose of the law was not to inform the world with regard to the validity of the instrument, but to entitle it to record. The absence of acknowledgment by the grantor did not deprive the instrument of binding force upon the world. It was the absence of record which had that effect. Invalidity of the acknowledgment destroyed the validity of the record; but neither acknowledgment nor record gives validity to an invalid instrument.

Although since the last day of October, 1640, acknowledgments have been required by law, no statutory form was provided here until St. 1894, c. 253, enacted that either the forms then in use in the State might be used, or forms intended to be uniform with the laws of other States and therein set out. The common form then and since used in Massachusetts recites that X "personally appeared before me [the person taking the acknowledgment] and acknowledged the foregoing instrument to be his free act and deed." The statutory form recites after "personally ap-

peared," "A B . . . to me known to be the person . . . described in and who executed the foregoing instrument, and acknowledged that he . . . executed the same as his . . . free act and deed." There is an implication of duty in the second form that is absent from the first; but, as the statute permits the use of either, it can not be said that the implication is controlling. A change in the law is ordinarily not to be made by implication. The declaration makes no allegation with regard to the form of certificate signed by the defendant.

The position we take is strengthened by the decision in *Hunnewell* v. *Duxbury*, 154 Mass. 286, which held that an individual could not maintain an action against directors of a foreign corporation for fraudulent representations made by them in a certificate filed in accord with a statute which required the certificate as a condition of doing business in this Commonwealth, on the ground that the certificate was not communicated by the defendant to the public or to the plaintiff. There is no allegation alleging any communication of the certificate here in question by the defendant to the plaintiff. It is further reinforced by analogy to the principle underlying the decision in *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, and the cases which have followed it. The absence of duty to the plaintiff was recognized in *Savings Bank* v. *Ward*, 100 U. S. 195, where it was held that an attorney at law employed by a client to search a title could not be held liable for negligence in the search to a bank which had made a loan to the client in reliance upon the certificate when shown to it in the application for the loan. See also *Robins Dry Dock & Repair Co.* v. *Flint*, 275 U. S. 303, 309. *German Alliance Ins. Co.* v. *Home Water Supply Co.* 226 U. S. 220, 230. See *LeLievre* v. *Gould*, [1893] 1 Q. B. 491. A case directly in point though not binding as authority is *Ware* v. *Brown*, 2 Bond. (U. S. C. C.) 267.

It follows that the judge was in error. The order overruling the demurrer to the second count should be reversed and order be entered sustaining the demurrer.

*So ordered.*