RESERVOIR MANOR CORP. *vs.* LUMBERMENS MUTUAL CASUALTY COMPANY.

Suffolk.   May 10, 1956. — November 7, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Boiler.   Negligence,* Violation of law, Boiler. *Deceit.*

Failure of a boiler inspector of an insurance company licensed to insure steam boilers to make an external and internal inspection of a boiler in the thorough manner required by G. L. (Ter. Ed.) c. 146, § 6, where the company was not shown to have any duty to the owner of the boiler respecting its inspection apart from the statute, would not be evidence of negligence of the company toward the owner, who subsequently sustained loss through continued operation of the boiler in a defective condition which a proper inspection would have revealed. [622]

A cause of action for deceit in an action by the insured under a boiler insurance policy against the insurer was stated by a declaration alleging that one of the defendant's inspectors inspected the plaintiff's boiler and certified that it could be used, that the defendant sent a statement to the plaintiff reciting that the boiler "was inspected while under a hydrostatic test. No conditions were noted requiring attention at this time," that in fact a hydrostatic test was not made, that the defendant knew its statement was false and would be relied upon by the plaintiff, that at the time of the inspection the boiler was in a defective condition, as would have been disclosed if a proper hydro-

static test had been made, that the plaintiff believed and relied upon the statement, that in ignorance of the defective condition he took no steps to repair it, and that subsequently he was damaged when the boiler "broke." [623–624]

CONTRACT OR TORT. Writ in the Superior Court dated November 10, 1955.

The action was heard by *O'Connell*, J., on demurrer.

In this court the case was argued before *Ronan, Wilkins, Spalding, & Williams*, JJ., and afterwards was submitted on briefs to all the Justices.

*John A. Daly*, for the plaintiff, submitted a brief.

*David H. Fulton*, for the defendant.

RONAN, J. This is an appeal from an order sustaining the demurrer to the second and third counts of a declaration seeking to recover damages arising from the careless inspection and false statements concerning the inspection by the defendant of a steam boiler insured by the defendant. The first count in contract was waived.

The second count sounds in tort for negligence. It alleges that the plaintiff, the owner of an apartment house in Boston, purchased a policy from the defendant which covered the plaintiff's steam boiler; that the defendant was licensed to insure boilers in this Commonwealth; that the defendant by G. L. (Ter. Ed.) c. 146, §§ 13, 14, was authorized to and did employ boiler inspectors; that an inspection, at least annually, externally and internally, was required to be made of the plaintiff's boiler, in compliance with G. L. (Ter. Ed.) c. 146, § 6; that the defendant by virtue of the authority conferred upon it "undertook to cause such inspection to be made by a boiler inspector in its employ" on October 6, 1954; that he failed to make a thorough examination externally and internally; that an examination was made in a careless and negligent manner; that he did not give the boiler a hydrostatic test which was a necessary part of such examination; and that the defendant notified the plaintiff that the boiler could be safely used with pressure of not over fifteen pounds per square inch. It is further alleged that the boiler was in a defective condition in that three of its

sections were pitted and deteriorated — a condition which would have been discovered if a thorough examination had been made and a properly conducted hydrostatic test had been performed; and that the plaintiff was advised of the issuance of a certificate by the defendant and, in ignorance of the actual condition of the boiler, continued to operate it until February 13, 1955, when it "broke," putting the plaintiff to the expense of a temporary heater while the new boiler was being installed and set up.

This count of the declaration contains no copy of the policy or any abstract therefrom. We do not know any of its provisions. The allegation that the policy "covered" the boiler, without stating the things it purported to cover, adds nothing to whatever obligations the defendant assumed in making the inspection. There is no direct and categorical allegation that the defendant under its contract of insurance was required to make an inspection to discover any defect not included in the contract and to advise the plaintiff of its existence. The count appears to rest not upon the contract but upon certain statutory duties, principally G. L. (Ter. Ed.) c. 146, § 6, providing for the thorough inspection, externally and internally, of steam boilers at least annually. Finally, the plaintiff concedes that the policy did not cover "the breaking" of the boiler which occurred. The statutes upon which the count is based do not create private rights. There was no error in sustaining the demurrer as to the second count. See *Wynn* v. *Sullivan*, 294 Mass. 562, 566; *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 347–348; *Richmond* v. *Warren Institution for Savings*, 307 Mass. 483, 485; *Barboza* v. *Decas*, 311 Mass. 10, 12; *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177, 183–184; *Harsha* v. *Bowles*, 314 Mass. 738, 741; *Carroll* v. *Hemenway*, 315 Mass. 45, 46; *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 432; *Mezullo* v. *Maletz*, 331 Mass. 233, 237–240.

The third count is in tort for deceit. It alleges that the plaintiff on January 3, 1953, purchased a policy of insurance No. X 29,796, which was for the term of three years, cover-

ing a boiler used by the plaintiff in heating its apartment house; that by G. L. (Ter. Ed.) c. 146, §§ 13, 14, the defendant was authorized to inspect the boiler by inspectors in its employ; that one of its inspectors did inspect the boiler and certified that it could be used with a pressure of not over fifteen pounds per square inch; that on October 19, 1954, the defendant sent a statement to the plaintiff which read as follows: "Policy No. X 29 796    Location of Equipment 1943–1949 Commonwealth Avenue, Brighton, Massachusetts    Engineer A. P. McGowan made an inspection of the following Equipment on October 6, 1954, #1 C. I. S. Boiler-Burnham. The boiler described above was inspected while under a hydrostatic test. No conditions were noted requiring attention at this time. Certificate of Inspection is enclosed." The plaintiff believed the statements contained in this notice and relied upon them. It is alleged in this count that such statements were false; that a hydrostatic test was not given; that the defendant knew they were false and that the plaintiff would rely upon them; that at the time of the inspection three sections of the boiler had deteriorated and were no longer of sufficient strength for safe and proper use; that this condition would have been disclosed if a proper hydrostatic test had been given; that the plaintiff was ignorant of this condition of the boiler and took no steps to repair this defective condition; and that the boiler "broke" on February 13, 1955, and the plaintiff was required to go to the expense of acquiring a temporary emergency heating system while installing a new boiler.

This count does not allege that the defendant made the misrepresentations concerning the condition of the boiler for the purpose of inducing the plaintiff to take or refrain from taking some action in reference to it. *Hunnewell* v. *Duxbury*, 154 Mass. 286, 289–290. *Beaman* v. *Gerrish*, 235 Mass. 79, 86–87. Prosser, Torts (2d ed.) § 86. Restatement: Torts, § 525. It is alleged, however, that the defendant, its agents and servants, "knew the falsity of such statement, and further knew that the plaintiff would rely on it." This we construe, with the other relevant allegations, as an averment

that the defendant intended that its representations be relied upon in a business transaction between the parties. The declaration is therefore in our view sufficient.

The defendant contends that the plaintiff cannot recover for expenses arising out of the operation of a defective boiler, but the plaintiff is not shown to have operated an uninspected or uninsured boiler or to have operated a boiler in a manner not in compliance with the certificate issued by the defendant. The defendant points out no provisions contained in G. L. (Ter. Ed.) c. 146, §§ 5–33, governing the inspection of boilers which the plaintiff has violated.

That part of the order sustaining the demurrer as to the second count is affirmed, and that part of the order sustaining the demurrer as to the third count is reversed.

*So ordered.*