## BALARINO GIACOMO *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Middlesex.    December 7, 1906. — June 22, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence.   Railroad.   Statute,* Where violation is evidence of negligence.   *Evidence,* Admissions and confessions.   *Practice, Civil,* Conduct of trial.

In an action at common law against a railroad company for injuries to the plaintiff and his horse and wagon from a collision with a locomotive engine of the defendant at a crossing, where it appears that the track was straight for a long distance before reaching the crossing and that for several hundred feet from the crossing a train easily could be seen from the road on which the plaintiff was travelling, and there is no evidence of the extent of the use of the crossing over the railroad, it is no evidence of negligence on the part of the defendant that the train which struck the plaintiff's wagon was running at the rate of eighteen miles an hour at eleven o'clock in the evening.

In an action at common law against a railroad company for injuries to the plaintiff and his horse and wagon from a collision with a locomotive engine of the defendant at a crossing at eleven o'clock in the evening, if the defendant is not shown to have been derelict in any statutory duty with respect to gates or a flagman, and the evidence as to the amount of travel upon the way does not warrant a finding that such precautions were necessary for the safety of travellers, and if there is no evidence that the defendant ever was requested or required under R. L. c. 111, §§ 191, 192, or otherwise to place gates or a flagman at the crossing, evidence that there were gates at the crossing which were used in the daytime but which were not used after seven or eight o'clock in the. evening and that a flagman was not stationed there after those hours, does not tend to show negligence on the part of the defendant.

In an action at common law against a railroad company for injuries to the plaintiff's person and property by a collision with a locomotive engine of the defendant at a crossing of a highway through the negligence of the defendant, if it appears that the way on which the plaintiff was travelling was a highway or town way within the meaning of R. L. c. 111, §§ 188, 190, a failure to ring the bell or sound the whistle at the crossing as required by the statute is in itself evidence of negligence.

In an action at common law against a railroad company for injuries to the plaintiff's person and property by a collision with a locomotive engine of the defendant at a crossing of a highway through the negligence of the defendant, in which there was evidence of due care on the part of the plaintiff, there was conflicting evidence on the question whether the bell was rung or the whistle was sounded as required by statute at the crossing of a highway or town way, and the plaintiff's right to go to the jury depended on whether there was evidence that the way on which the plaintiff was travelling was a highway or town way.

There was no direct evidence that the way ever had been laid out by the proper authorities, or that it had become a highway or town way by prescription- or dedication, but it appeared that throughout the trial the plaintiff's counsel and the plaintiff's witnesses referred to the way as a highway without objection on the part of the defendant, and that the defendant's counsel also referred to it as a highway on his cross-examination of these witnesses, and also that the defendant called as a witness an assistant in its engineering department and proved by him and introduced in evidence a plan showing the way and crossing which was called in the record "plan of crossing, showing highway and railroad crossing," and a photograph used at the trial represented a wide street with large trees upon each side and with a line of poles strung with wires, and showed also gates at the crossing with what appeared to be the warning board required by R. L. c. 111, § 190, for a crossing over a highway or town way. *Held,* that a perusal of the record made it apparent that the case had been tried upon the implied admission of the defendant that the way was a highway, and that the case should have been submitted to the jury.

If in an action against a railroad company for injuries to the plaintiff's person and property by a collision with a locomotive engine of the defendant at a crossing of a highway, if there is a count of the plaintiff's declaration drawn in such a manner that by rejecting certain allegations as surplusage it becomes a count at common law for negligence of the defendant and requires the proof of ordinary care on the part of the plaintiff, but, by rejecting other allegations as surplusage, it becomes a count under R. L. c. 111, §§ 188, 268, for a failure to give the signals required by law at the crossing of a highway, under which the plaintiff on proving such a failure can recover if he was not guilty of gross or wilful negligence, the presiding judge may order the plaintiff to elect whether the count shall be treated as one at common law or as a count under the statute.

TORT for injuries to the plaintiff and his property, with four counts, as stated and described in the opinion. Writ dated October 11, 1904.

In the Superior Court the case was tried before *Aiken,* C. J. The course of the trial and the character of the evidence are described in the opinion. The Chief Justice ruled that upon the evidence the action could not be maintained upon the second and fourth counts, and as to the first and third counts said that in his judgment those counts by reason of the allegations in them could be regarded as either common law counts or statutory counts, and he directed that the plaintiff's attorney should elect how those counts should be regarded. The plaintiff's attorney objected to such direction and excepted thereto, but elected to treat the counts as statutory counts, and the Chief Justice thereupon ruled that the action upon those counts could not be maintained, and ordered a verdict for the defendant on all the counts. The plaintiff alleged exceptions.

The case was argued at the bar in December, 1906, before

*Knowlton,* C. J., *Hammond, Loring, Braley,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*J. J. Shaughnessy,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

HAMMOND, J.    This is an action of tort for injuries caused to the plaintiff and his horse and wagon by collision with an engine and train on the defendant's railroad, on July 2, 1904, at eleven o'clock in the evening.    The declaration contains four counts, the first and third being for damages to the person, and the second and fourth for damages to property.

1. As to the second and fourth counts.    In these counts, which seem to have been regarded at the trial as counts at common law, the acts upon which the plaintiff bases his claim of negligence on the part of the defendant are, first, running the train at a dangerous speed and at a time later than the regular time; second, failing to have an agent at the crossing to close the gates; third, failing to have a flagman to give warning to travellers; and, fourth, failing to give warning from the engine that the train was approaching.

It is not shown that the train was running more than eighteen miles an hour.    It appeared that the track was straight for a long distance before reaching the crossing, and that for several hundred feet from the crossing the train could easily be seen from the way.    There was no evidence of the extent of the use of the crossing over the railroad at that point.    Upon the evidence it cannot be said that the speed was unreasonable.    Nor is it a proper ground of complaint that the train was running at that time of night.    Railroads are very extensively used as well by night as by day.

There was no evidence that the defendant ever had been requested or required to place gates or a flagman at the crossing. In the absence of proof of such a request under R. L. c. 111, §§ 191, 192, the defendant is not shown to have been derelict in any statutory duty with respect to flagman or gates.    And the evidence as to the amount of travel upon this way does not warrant a finding that such precautions were necessary for the safety of travellers.

If it be argued that the existence of gates at the crossing and the practice of closing them in the daytime is evidence of the

necessity, it also appears that the gates were not used and a flag-man was not stationed there after seven or eight o'clock in the evening, and the inference from that (if any there be) is that after that time in the evening such precautions were not neces-sary rather than that they were. Up to this point, therefore, no negligence on the part of the defendant is shown.

If, however, the way was a highway in the sense in which the word is used in R. L. c. 111, §§ 188, 190, then it was the duty of the defendant to ring the bell or sound the whistle at this cross-ing, and a failure to observe the statutory requirements in this respect would be of itself evidence of negligence. The evidence as to whether the bell was rung or the whistle sounded was con-flicting, as is usual in such cases, and we cannot say as matter of law that it would not have justified a finding in the negative. It therefore becomes necessary to consider whether the way was a highway. There was no direct evidence that the way ever had been laid out by the proper authorities, or that it had become a highway by prescription or by dedication; and it is stoutly con-tended by the defendant that the evidence would not have war-ranted a finding that it was a highway. Even if this contention be correct we are of the opinion that that is not fatal to the plaintiff's case. From a perusal of the record it becomes appar-ent that the case was tried upon the implied admission by the defendant that the way was a highway.

Bigelow, the civil engineer called by the plaintiff, was allowed to testify that a plan made by him and introduced by the plain-tiff represented the position of the "highway" and the railroad tracks. He was allowed to point out "the signal post on the railroad track where the plaintiff was injured." He testified that "the highway crosses at grade, — that is, the tracks of the railroad and the surface of the highway are on the same level"; that "as you leave the crossing towards Southborough Centre there is a fall in the highway," and that certain lines upon the plan represented "shrubbery, or bushes, growing up by the side of the highway." The counsel for the plaintiff, in examining this witness as to the way, frequently used the term "highway." And all this was done without objection on the part of the de-fendant. Moreover, in cross-examination, the witness was al-lowed to state that the counsel for the plaintiff had requested

him " to make a survey of the location of the tracks and the highway at the railroad station.  He [counsel for the plaintiff] spoke about the trees and locating Mr. Newton's house and that he would like to have the trees located with reference to the lines of the highway."  At this stage of the trial the counsel for the defendant produced a photograph of the railroad crossing and said he " would like to show it to the jury and have him [the witness] describe the trees."  The photograph having been shown, the witness was asked by counsel whether " those bushes that you speak of, were they in the highway or in the field," to which the witness replied " On the line of the highway, — on the fence line."  And again, in another question, counsel in speaking of this way used the term " highway."  In the examination of Newton, another witness called by the plaintiff, the counsel for the plaintiff speaks of this way as a " public highway." All through the introduction of the evidence for the plaintiff this way is frequently called a highway by the counsel for the plaintiff and by the witnesses, and no objection is made by the defendant.  Even in cross-examination the counsel for the defendant twice uses the same term.

Moreover, the defendant, in putting in its own evidence, called one Shaw, an assistant in its engineering department, and exhibited to him a plan of this crossing, made by him.  This plan was put in evidence by the defendant.  It is described in the record thus : " Plan of crossing, showing highway and railroad crossing, put in evidence, and Main Street is marked on the plan as the crossing and the lines that cross the street are the tracks," &c. On the plan, after the words " Plan of Main Street Crossing at Fayville Station," the way is shown and is marked " Main Street."  The photograph of which mention has been made shows a wide street with large trees upon each side, and with a line of telegraph or telephone poles strung with wires.  It shows gates at the crossing and what appears to be the warning board prescribed by R. L. c. 111, § 190, for a crossing over a highway or town way.  Without reciting further in detail the evidence and the proceedings connected therewith, we think that the jury would have had the right to find that there had been an implied admission by the defendant that the way was a highway and that further proof of the existence of this highway was unnecessary.

The question of the negligence of the defendant was therefore for the jury. And it was also for the jury to say whether the plaintiff was in the exercise of due care. The case should have been submitted to the jury upon these counts.

2. As to the first and third counts. These were drawn in a peculiar manner. There was enough in each count to embrace a cause of action under the statute (R. L. c. 111, §§ 188, 268) and also at common law. By the rejection of some of the sentences as surplusage, each count could stand as a count under the statute ; on the other hand by a similar rejection of other sentences each count could stand as at common law. It was simply a question of what should be rejected as surplusage. It is manifest that only one cause of action could be stated in one count. What the plaintiff desired was that there should be two causes of action in one count, — one under the statute and one at common law. Under these circumstances the judge rightly ordered the plaintiff to elect what he meant by the counts. This was not a case where a plaintiff having stated his case in two different ways, resting it upon one ground in one count and on the other ground in another count, is ordered to elect. It is a case where he undertook to state two causes of action in one count, and stated neither clearly. He was allowed in substance to have his choice as to which cause of action he would regard as stated in each count. That action of the judge was favorable enough to him. He chose to call each count a count under the statute.

For the reasons stated above as to the other counts, the plaintiff was entitled to go to the jury on these counts also.

*Exceptions sustained.*