OTTIS J. WYNN *vs.* GILBERT P. SULLIVAN, executor.

Suffolk.      March 3, 1936. — June 29, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Invited person, Licensee, One owning or controlling real estate, Violation of law. *Police. Landlord and Tenant,* Landlord's liability to invitee of tenant, Elevator. *Practice, Civil,* Variance.

A police officer, entering an alley under a building in performance of his duty, was at most only a licensee of the one in control of the alley and could not recover against him for injury resulting from falling into an elevator well in the alley left open by failure of the safety door to close through mere negligence of the defendant.

One seeking, as invitee of a tenant, recovery from the landlord for personal injuries caused by falling into an open elevator well in an alleyway which was in the landlord's control and was used in common by tenants, cannot maintain his action without evidence as to when the premises were let to the inviting tenant and as to the condition or appearance of the alleyway and the elevator well at that time.

Disposition of a motion that, after the recording with leave reserved of a verdict for the plaintiff, a verdict for the defendant be entered, properly was based on the declaration as it then stood, not as it might be if amended.

If violation of a penal statute is relied upon as a substantive civil cause of action in itself, independent of the common law, it must be pleaded as such.

In this Commonwealth, violation of a statute requiring the furnishing of means, specified therein, to prevent property damage or personal injury and inflicting a penalty for failure to comply with its provisions is not negligence *per se* unless it appears by express terms of the statute or by clear implication that it was the legislative intent that it should have that effect. Per QUA, J.

Violation of G. L. (Ter. Ed.) c. 149, § 129; St. 1907, c. 550, § 38, did not of itself, independent of the common law, create civil liability on the part of one in control of an elevator well for personal injuries resulting from such violation.

TORT. Writ in the Superior Court dated February 25, 1931.

The action was tried before *Dillon*, J. A verdict for the plaintiff in the sum of $850 was recorded subject to leave reserved. Thereafter a verdict was ordered entered for the defendant. The plaintiff alleged exceptions.

*E. R. Bonitz*, for the plaintiff.

*A. S. Allen*, for the defendant.

QUA, J. On January 24, 1931, the plaintiff, a police officer of the city of Boston, sustained personal injury as the result of falling into the well of a freight elevator which opened upon the side of a narrow, covered alleyway running through or under a building on Portland Street in that city. The defendant's testator, hereinafter called the defendant, was in control of the alleyway and of the elevator well. The building, five stories in height, was occupied by various tenants who used the elevator and the alleyway in common. The plaintiff's declaration is based upon negligence and upon wanton, wilful and reckless misconduct on the part of the defendant.

There was evidence that objectionable persons had been in the habit of congregating and drinking in the alleyway; that on the evening of the accident there was a "sort of commotion" there, and one of the tenants requested the plaintiff to investigate "a disturbance"; that in response to this request and in pursuance of his duty as a police officer, the plaintiff went to the alleyway; that while groping his way in from the street in the darkness he fell into the elevator well; and that the safety door which should have barred the opening was up, although the elevator was at

the top floor and not at the level of the alleyway. Without reciting the evidence in detail, we may assume for the purposes of this decision that the jury were justified in finding that the defendant was careless in the maintenance of the safety door or of the apparatus by which it was operated and that the plaintiff was in the exercise of due care.

The difficulty with the case, from the plaintiff's standpoint, lies in discovering any violation of any duty which the defendant owed to the plaintiff. It may be conceded that a police officer who enters upon private premises in good faith in the performance of his official duty to protect life and property and to preserve the peace is not a trespasser. *Parker* v. *Barnard,* 135 Mass. 116, and cases cited. For present purposes it may be accurate enough to say that he enters under a license implied in law. But confining our decision to the precise case here presented, we can find no evidence of an express or implied invitation by the defendant or of any other special authority or privilege which would extend the plaintiff's rights beyond those of an ordinary licensee. *Parker* v. *Barnard,* 135 Mass. 116. *Creeden* v. *Boston & Maine Railroad,* 193 Mass. 280. *Brennan* v. *Keene,* 237 Mass. 556, 561. *Brosnan* v. *Koufman, ante,* 495, and cases cited. Am. Law Inst. Restatement: Torts § 345, Comment *b.* There was here no general invitation arising from the condition of the premises or from conduct of the defendant himself, to use the alleyway as the regular means of approach to the building such as was found in *Learoyd* v. *Godfrey,* 138 Mass. 315, and in *Gordon* v. *Cummings,* 152 Mass. 513. In this respect the case resembles *Lally* v. *A. W. Perry, Inc.* 277 Mass. 463, 466. There is no evidence of such wilful, wanton or reckless conduct on the part of the defendant as would enable a bare licensee to recover against him. *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449. *Murphy* v. *Boston & Maine Railroad,* 248 Mass. 78. *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 144.

The plaintiff contends that he had the rights of an invitee or business visitor because of an invitation by the defendant's tenant to come to the alleyway for purposes connected

with the convenience and comfort of the tenant in the use of the common passageway which remained in the landlord's possession and control. Without pausing to consider whether the evidence would support a finding that the plaintiff did in fact come to the alleyway under the tenant's invitation and not simply as a police officer in the performance of a public duty, it is a sufficient answer to this contention that the defendant's duty to such an invitee would be only to use due care to maintain the alleyway and the elevator well in as safe a condition as they were in or appeared to be in at the time of the letting to the tenant, and that there was no evidence as to when the premises were let to the tenant or as to the condition or appearance of the alleyway and the elevator well at that time. *Domenicis* v. *Fleisher,* 195 Mass. 281, 283. *Gallagher* v. *Murphy,* 221 Mass. 363. *Goldsmith* v. *Ricles,* 272 Mass. 391. *Peirce* v. *Hunnewell,* 285 Mass. 287. *Garland* v. *Stetson,* 292 Mass. 95, 99–100. See *Fitzsimmons* v. *Hale,* 220 Mass. 461, 464.

The plaintiff further insists that violation by the defendant of certain penal statutes designed to insure safety in the maintenance and operation of elevators was a contributing cause of the plaintiff's injury and that these statutes were intended for the protection of all persons rightfully upon the premises and that therefore the defendant owed to the plaintiff a duty to observe their requirements, citing *Parker* v. *Barnard,* 135 Mass. 116. He calls attention to G. L. (Ter. Ed.) c. 149, § 129, and to St. 1907, c. 550, § 38. See also St. 1914, c. 782, § 6. It is at least doubtful whether the evidence would have supported a finding of any violation of these statutes by the defendant. If it would have supported such finding, then it is true that the defendant's violation of law would have been evidence of negligence on his part, if he had owed a duty to be careful. But as we have already shown, he did not owe such duty to the plaintiff at common law. If, however, the plaintiff intends to go further and to assert that a new obligation in favor of the plaintiff was fastened upon the defendant by the statutes themselves so as to give the plaintiff a cause of action for their violation above and apart from common law duties and rights, and even if he was a bare

licensee upon the defendant's premises, then it is apparent
that the plaintiff has not declared in this case upon any such
cause of action.   His declaration is based entirely upon
alleged negligence and upon alleged wanton, wilful and reck-
less misconduct.   No cause of action based upon violation
of any statute, ordinance or regulation is set forth.   It was
not error on the part of the judge to deal with the case on
the pleadings as they stood.   *Ferris* v. *Boston & Maine Rail-
road,* 291 Mass. 529, 533, and cases cited.   Moreover, in
this Commonwealth, contrary to the rule prevailing in many
jurisdictions, violation of a criminal statute of this general
class does not ordinarily in and of itself, independently of
common law duties, give rise to a civil cause of action.   Such
a statute has that effect only when by its express terms or
by clear implication that appears to have been the legisla-
tive intent.   That there was no such intent as to one of the
very statutes here involved was decided in *Palmigiani* v.
*D'Argenio,* 234 Mass. 434, and again with full discussion in
*Garland* v. *Stetson,* 292 Mass. 95, 100, a case very similar to
this.   See also *Richardson* v. *Whittier,* 265 Mass. 478.   In
view of these cases, so far as there is in *Parker* v. *Barnard,*
135 Mass. 116, anything inconsistent with what is now de-
cided, we are unable to follow it.   The many cases in which
it has been said that violation of such statutes is merely
evidence of negligence to be considered by the jury in con-
nection with other circumstances are inconsistent with the
theory that such violation constitutes "negligence *per se,*"
as it is often called in other jurisdictions, for which an action
will lie.   Some of these cases are collected in the footnote.*

No error is shown.

*Exceptions overruled.*

---

* *Wright* v. *Malden & Melrose Railroad,* 4 Allen, 283.   *Hanlon* v. *South
Boston Horse Railroad,* 129 Mass. 310.   *Newcomb* v. *Boston Protective De-
partment,* 146 Mass. 596, 603.   *Brunelle* v. *Lowell Electric Light Corp.* 188
Mass. 493, 498.   *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580.
*Giacomo* v. *New York, New Haven & Hartford Railroad,* 196 Mass. 192.   *Davis*
v. *John L. Whiting & Son Co.* 201 Mass. 91, 96.   *Berdos* v. *Tremont & Suffolk
Mills,* 209 Mass. 489, 496.   *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass.
221, 233.   *Gordon* v. *Bedard,* 265 Mass. 408, 411.   *Guinan* v. *Famous Players-
Lasky Corp.* 267 Mass. 501, 516.   *Kenyon* v. *Hathaway,* 274 Mass. 47.   *Mil-
bury* v. *Turner Centre System,* 274 Mass. 358, 361.   *Wainwright* v. *Jackson,*
291 Mass. 100, 102.   *Garland* v. *Stetson,* 292 Mass. 95, 101.   *Baggs* v.
*Hirschfield,* 293 Mass. 1.