ROBERT E. ALDWORTH *vs.* F. W. WOOLWORTH CO.

Worcester.   February 6, 1936. — September 9, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence,* Invited person, Licensee, One owning or controlling real estate, Fire escape, Violation of law.   *Fireman.   Fire Escape.   Actionable Tort.*

A fireman, lawfully using a fire escape to fight a fire in an adjoining building, was but a licensee of the person in control of the fire escape, who therefore was not liable to him for injuries caused by ordinary negligence in permitting the fire escape to be unsuitable and unsafe.

The provisions of G. L. (Ter. Ed.) c. 143, §§ 21, 51, 53, establishing requirements as to certain buildings with respect to means of escape from fire and imposing civil liability and criminal penalty for violation thereof, did not change the rules of the common law governing the duty and liability of one owning or controlling such a building toward one using a fire escape as a licensee; mere violation of § 21 would be at most evidence of ordinary negligence, for which there would be no liability to such licensee.

A fireman lawfully using a fire escape to fight a fire in an adjoining building was not a person intended to be benefited by G. L. (Ter. Ed.) c. 143, § 21; and the one in control of the fire escape was not liable to the fireman under § 51 for injuries resulting from failure to keep it in the condition required by § 21.

TORT.   Writ in the Superior Court dated January 6, 1932.

The action was tried before *Dowd*, J., who ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*A. J. Young,* for the plaintiff.

*D. F. Gay,* for the defendant.

FIELD, J.   This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff in falling from a fire escape attached to a building occupied by the defendant.   The bill of exceptions states that the "declaration is in two counts, both alleging that the plaintiff was lawfully on the premises in the per-

formance of his duty as a fireman, the first alleging that
the defendant was negligent in allowing the fire escape to
be in a defective, decayed, unsuitable and unsafe condition,
which condition was then and there known to the said
defendant or might have been known to it by exercise of
proper care and diligence; the second count alleging that
the defendant was negligent in allowing the fire escape to
be in a defective, unsafe, and dangerous condition for lack
of good repair and not ready for use." No contention is
made that the evidence did not warrant findings that the
accident occurred and that the plaintiff sustained personal
injuries. It was agreed that "at the time of the accident
the plaintiff was engaged in his employment as a private
in the fire department of the city of Worcester acting under
orders of his superior officer in fighting a fire in a building
. . . separated by a twelve foot passageway from the build-
ing occupied by the defendant . . . [and] that the premises
so occupied were used for mercantile purposes with more
than ten employes employed therein." The judge ruled
that "in this case the defendant owes no duty to the plain-
tiff except to refrain from wilful and wanton injury, and
to abstain from retaining on his premises any pitfalls or
traps," and "On that ruling" ordered a verdict for the
defendant. The "plaintiff duly excepted to the ruling of
the court in ordering a verdict for the defendant."

There was no prejudicial error.

The direction of a verdict for the defendant, if right under
the pleadings, cannot be reversed since it must be taken
that the judge acted with the declaration before him and
in view of its averments. *Brasslavsky* v. *Boston Elevated
Railway*, 250 Mass. 403, 404. *Auburn State Bank* v. *Na-
tional Laundry Co.* 289 Mass. 397, 398. The first count of
the declaration, at least, is based on negligence. The plain-
tiff contends, however, that the second count is based on a
violation of G. L. (Ter. Ed.) c. 143, § 21. The declaration
clearly does not allege wilful, wanton or reckless conduct
on the part of the defendant.

1. The evidence did not warrant a verdict for the plain-
tiff on the ground of negligence. There was evidence that

the building occupied by the defendant was leased to the defendant and that the fire escape alleged to have been defective was attached to the outside of the easterly wall of the building. We assume, without deciding, that it could have been found that this fire escape was in the possession and control of the defendant. There was, however, no evidence that the plaintiff was on the fire escape by invitation, express or implied, of the defendant. Compare *Learoyd* v. *Godfrey*, 138 Mass. 315, 323. Whatever right or privilege he had to be on the fire escape was by virtue of the fact that as a fireman employed by the city and acting under orders of his superior officer he was engaged in fighting a fire in a near-by building. Clearly it could have been found that the plaintiff was not a trespasser. The privilege of a fireman to enter upon premises in the circumstances shown is in the nature of a limitation by reason of public necessity on the rights of the possessor of such premises. See *Metallic Compression Casting Co.* v. *Fitchburg Railroad*, 109 Mass. 277, 280; *Hyde Park* v. *Gay*, 120 Mass. 589, 593; *Parker* v. *Barnard*, 135 Mass. 116, 117. See also *Wynn* v. *Sullivan*, 294 Mass. 562, 564. In the aspect of the evidence most favorable to the plaintiff his entry upon the premises was by virtue of such a privilege conferred by law — or, as it might be described, a permission implied by law from the facts shown — and constituted him a licensee. See *Brennan* v. *Keene*, 237 Mass. 556, 561; *Brosnan* v. *Koufman*, 294 Mass. 495, 501–502; *Wynn* v. *Sullivan*, 294 Mass. 562, 564. The question here raised as to the rights of firemen has not been decided previously by this court. But the conclusion reached is in accord with statements with respect to firemen in our opinions (*Creeden* v. *Boston & Maine Railroad*, 193 Mass. 280, 283, *Brosnan* v. *Koufman*, 294 Mass. 495, 501) and is supported by decisions — which are not distinguishable — with reference to police officers. *Brennan* v. *Keene*, 237 Mass. 556. *Wynn* v. *Sullivan*, 294 Mass. 562. See also *Parker* v. *Barnard*, 135 Mass. 116. And the conclusion is supported by decisions in other jurisdictions. *Pennebaker* v. *San Joaquin Light & Power Co.* 158 Cal. 579. *Lunt* v. *Post Printing & Publishing Co.* 48 Colo. 316. *Gibson* v.

*Leonard,* 143 Ill. 182. *Woodruff* v. *Bowen,* 136 Ind. 431.
*Beehler* v. *Daniels, Cornell & Co.* 18 R. I. 563. See cases
collected in note, 13 Am. L. R. 638. See also Cooley on
Torts (4th ed.) § 440, vol. 3, page 198; Harper on Torts,
§ 96. So far as the case of *Meiers* v. *Fred Koch Brewery,*
229 N. Y. 10, is in conflict with what is here decided, we
cannot follow it.

Apart from any statute, the plaintiff, entering upon the
premises in question as a licensee, cannot recover on the
ground of negligence but must show wilful, wanton or reck-
less conduct. *O'Brien* v. *Union Freight Railroad,* 209 Mass.
449, 452. *Murphy* v. *Boston & Maine Railroad,* 248 Mass.
78, 82. *Partridge* v. *United Elastic Corp.* 288 Mass. 138,
144. The plaintiff contends, however, that the evidence
warranted a finding that the defendant violated G. L. (Ter.
Ed.) c. 143, § 21, and that such violation was evidence of
negligence. This section provides in part that "any build-
ing in which ten or more persons are employed in a . . .
mercantile . . . establishment . . . shall be provided with
proper egresses or other means of escape from fire sufficient
for the use of all persons accommodated, assembled, em-
ployed, lodged or resident therein," and that the "egresses
and means of escape shall be kept unobstructed, in good
repair and ready for use." G. L. (Ter. Ed.) c. 143, § 53,
provides a criminal penalty for violation of this section.
And G. L. (Ter. Ed.) c. 143, § 51, provides that a person
who "owns . . . or controls the use" of a building men-
tioned in § 21 "shall be liable to any person injured for all
damages caused by a violation" of the provision of that
section. But this contention of the plaintiff, if sound, would
not warrant a verdict for him on the ground of negligence.
The statute does not transform a licensee into an invited
person or create a liability for negligence where, as here, no
such liability exists apart from the statute. *Palmigiani* v.
*D'Argenio,* 234 Mass. 434. *Garland* v. *Stetson,* 292 Mass.
95, 103. *Wynn* v. *Sullivan,* 294 Mass. 562, 565–566.
*Parker* v. *Barnard,* 135 Mass. 116, so far as inconsistent
with this conclusion, must be regarded as overruled by
these cases. If the plaintiff has any cause of action by force

of the statute it is wholly statutory and independent of negligence — a matter which is considered later.

2. The plaintiff cannot recover on the ground of wilful, wanton or reckless conduct on the part of the defendant. Such conduct is different in kind from negligence and must be alleged. *Kilduff* v. *Boston Elevated Railway*, 247 Mass. 453, 456. Wilful, wanton or reckless conduct, however, is not alleged and the plaintiff properly does not contend that it could have been found on the evidence.

3. The evidence did not warrant a verdict for the plaintiff on the ground of a violation by the defendant of G. L. (Ter. Ed.) c. 143, § 21, independent of negligence. It may be doubted whether the declaration alleges such a violation, but, even apart from any question of pleading, on this branch of the case the direction of a verdict was right. The civil remedy provided by G. L. (Ter. Ed.) c. 143, § 51, for damages caused by a violation of § 21 is given only to persons intended to be benefited by the provisions of said § 21. This is true not only of the requirement of § 21 that a building "be provided with proper egresses or other means of escape from fire sufficient for the use of all persons accommodated, assembled, employed, lodged or resident therein," but also of the requirement that the "egresses and means of escape shall be kept . . . in good repair and ready for use." These provisions must be interpreted broadly so as to give full effect to the purpose of the statute. But the duty and liability of a person owning or controlling the use of a building with respect to a fire escape attached thereto, when such fire escape is used for other purposes, remain as at common law. *Landers* v. *Brooks*, 258 Mass. 1, 3. *Rice* v. *Rosenberg*, 266 Mass. 520, 523. And the evidence in this case did not warrant a finding that the plaintiff was using the fire escape for the statutory purpose. According to the evidence most favorable to him he was using the fire escape as a vantage point from which to fight a fire in a near-by building and not as an egress or means of escape from fire — the purpose for which fire escapes are required by this statute. His use of the fire escape was

not by reason of "danger from fire," such as is referred to in *Landers* v. *Brooks*, 258 Mass. 1, 3, where the court said, "The fire escape was intended for use in case of danger from fire. It was not to be used for other purposes. No duty was imposed on the defendant to keep it in proper repair except in case of fire." It is without significance that the structure from which the plaintiff was fighting the fire was a fire escape instead of some other structure of similar construction attached to the building. He is in no better position, so far as recovery under the statute is concerned, than if he had been fighting the fire from a roof, balcony or piazza. The nature of the structure bears only on the common law rights of the plaintiff which have already been considered. In view of this conclusion it is unnecessary to decide whether on the evidence it could have been found that the fire escape in question was one which the defendant was required by the statute to keep "in good repair and ready for use," for the ordinary purposes of a fire escape. The evidence does not show that the plaintiff was a person intended to be benefited by the provisions of G. L. (Ter. Ed.) c. 143, § 21. Consequently he cannot recover damages under G. L. (Ter. Ed.) c. 143, § 51.

4. The ruling of the trial judge on which the verdict for the defendant was directed was sufficiently favorable to the plaintiff. See, however, *Reardon* v. *Thompson*, 149 Mass. 267, 268; *Redigan* v. *Boston & Maine Railroad*, 155 Mass. 44, 47; *O'Brien* v. *Union Freight Railroad*, 209 Mass. 449, 452; *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 144.

*Exceptions overruled.*