Rowe, J.
This is an action of tort brought by the plaintiff to recover from the defendant damages which the plaintiff suffered because of a conveyance made by the defendant to one Katherine Gaudreau, free from encumbrances, despite the fact that the premises were encumbered by an unrecorded mortgage, knowledge of which mortgage was in the defendant.
The following Agreed Statement of Facts was filed:
“On May 20,1931, the plaintiff was given a mortgage by one Charles Davis, Trustee, on certain real estate belonging to the latter to secure a note of even date in the amount of $600., payable on demand with interest semi-annually at 7%. The said Charles Davis, Trustee, conveyed the said real estate to the defendant by warranty deed dated July 28, 1934 and recorded with the Registry of Deeds, County of Bristol, S. D. Book 752, Page 525, on August 11, 1934, said deed stating that the premises are conveyed subject to a balance of $530. on a mortgage to said Emil Fischer and 1934 taxes. The said defendant though he Imew of the existing *115 aforesaid mortgage, nevertheless conveyed the said premises to one Catherine G-audreau who had no knowledge thereof, by quitclaim deed dated August 13, 1934, and with the said Registry in Book 754, Page 7, on August 15, 1934, intentionally omitting any reference therein to the said mortgage and without informing the said grantee, Catherine Gaudreau, thereof before the consideration for said deed was paid by her.
“The aforesaid mortgage to the plaintiff, dated May 20,1931, as aforementioned was recorded with the said Registry in Book 764, page 429, on May 31, 1935, but by decree of the Land Court for this Commonwealth dated February 12, 1936, the purchaser, Gaudreau held her title to the premises free and clear of the mortgage to the plaintiff. As a result of the defendant’s act, the plaintiff has been, deprived of the security for the note upon which there remained a balance of $530. plus interest from August 11, 1934, at a rate of 7%. Annexed hereto and made a part hereof is the Land Court Decision.”
The trial judge found for the defendant. The plaintiff claims that the defendant was guilty of wanton and wilful misconduct toward her and especially stresses liability on the defendant’s part by reason of Gen. Laws (Ter. Ed.) c. 266 §80 as ground of liability for the loss by the plaintiff of her mortgage security.
Said section 80 reads, “Whoever conveys land, knowing that an encumbrance exists thereon, without informing the grantee, before the consideration is paid, of the existence and nature of such encumbrance, so far as he has knowledge thereof, shall be punished ...”
Aside from this statute, the defendant would not be liable to the plaintiff as mortgagee under the agreed facts and the statute itself does not create the liability here contended by the plaintiff. ' What is said in Wyman v. Sullivan, 3 N. E. 2 (Mass.) 236, is applicable to the statute under consideration in the instant case. It was stated at page 238, “Moreover, in this commonwealth, contrary to the *116 rule prevailing in many jurisdictions, violation of a criminal statute of this general class does not ordinarily in and of itself independently of the common law duties give rise to a civil cause of action. Such a statute has that effect only when by its express terms or by clear implication that appears to have been the legislative intent . . . (cases cited). In view of these cases, so far as there is in Parker v. Barnard anything inconsistent with what is now decided we are unable to follow it.”
The plaintiff relies upon Parker v. Barnard, 135 Mass. 116, but her contention on that point is disposed of by the comment as to that case in the above quotation from Wynn v. Sullivan. There was no error in the case at bar.
Report dismissed.