WILLIAM F. CARROLL *vs.* AUGUSTUS HEMENWAY, JUNIOR,
& others.

Suffolk.    November 5, 1943. — November 29, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Negligence,* Invited person, Licensee, One owning or controlling real estate,
   Violation of law, Elevator. *Police. Actionable Tort. Elevator. Real
   Property,* Elevator. *Wilful, Wanton or Reckless Misconduct.*

A policeman entering a building in the performance of his duty but with-
   out actual invitation to do so was no more than a licensee of the per-
   son in control of the building, who therefore owed him no duty of care
   respecting the condition thereof.
If the person in control of a building owes no common law duty of care
   to one injured through a defective condition of an elevator therein, the
   fact, that the existence of such condition is a violation of the statutes
   and municipal regulations respecting elevators by the person in con-
   trol, does not of itself create any civil liability on his part to the in-
   jured person.
Wilful, wanton or reckless misconduct on the part of the person in con-
   trol of a building toward one injured by falling into an unguarded
   elevator well therein was not shown by evidence merely that the ele-
   vator gate at the floor in question was defective and had been tied up
   so that it did not come down into place when the elevator was not at
   that floor.

TORT. Writ in the Superior Court dated April 9, 1940.

The action was tried before *Williams,* J., who ordered
verdicts for the defendants on all counts of the declaration.
The plaintiff alleged exceptions.

*M. J. Dray,* for the plaintiff.

*E. J. Sullivan,* for the defendants.

QUA, J. The plaintiff, a police officer of Boston, seeing
lights in a building of the defendants at about two o'clock
in the morning of Sunday, April 17, 1938, entered the build-
ing through an open rear door for the purpose of investigating
and fell into the unguarded and unlighted well of a freight
elevator located a short distance from the door, and was
injured.

There was evidence that the mechanism of the elevator

gate was defective in such a way that the gate would not stay up when the elevator was at the first floor; that someone had tied it up, with the result that it did not come down in place when the elevator left that floor; and that this condition had been reported to the superintendent or to the assistant superintendent on "very numerous" occasions since the previous autumn.

The plaintiff alleges (1) negligence, (2) gross negligence, (3) wilful, wanton, and reckless conduct, and (4) violation of "rules, regulations, laws and ordinances" of the Commonwealth and of the city in respect to the elevator.

It is well settled that a police officer who comes upon land in the performance of his duty but without actual invitation has no greater rights than those of a licensee, and that the person in control of the premises owes him no duty of care with respect to their condition. *Brosnan* v. *Koufman,* 294 Mass. 495, 501. *Wynn* v. *Sullivan,* 294 Mass. 562. *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344. The plaintiff therefore cannot recover on the ground of negligence, whether ordinary or gross.

It is equally well settled that the statutes and regulations respecting elevators do not create civil causes of action where there is no violation of any common law duty to exercise care. *Garland* v. *Stetson,* 292 Mass. 95, 100–101. *Wynn* v. *Sullivan,* 294 Mass. 562, 565–566. *Heilbronner* v. *Scahill,* 303 Mass. 336, 338. *Richmond* v. *Warren Institution for Savings,* 307 Mass. 483, 485. *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177, 183, 184. The case of *Parker* v. *Barnard,* 135 Mass. 116, in so far as it relates to this point must be regarded as inconsistent with a long line of decisions and to that extent has been expressly overruled. *Wynn* v. *Sullivan,* 294 Mass. 562, 566. *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 347.

There was no evidence of wilful, wanton or reckless conduct. At most there was merely a failure to remedy a defect, with no expectation that a stranger unacquainted with the premises would enter in the night time and be injured. The case does not differ in this respect from a large class of cases in which it has been held that lack of repair could

be found to be negligent, but in which, so far as we know, it has never been thought that the defendant's conduct displayed the criminal or quasi criminal quality involved in wilful, wanton or reckless conduct. See, for example, *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 242; *Hafey* v. *Turners Falls Power & Electric Co.* 240 Mass. 155; *Telless* v. *Gardiner*, 266 Mass. 90; *Karlowski* v. *Kissock*, 275 Mass. 180, 183; *Comeau* v. *Comeau*, 285 Mass. 578; *Wynn* v. *Sullivan*, 294 Mass. 562, 564; *Mikaelian* v. *Palaza*, 300 Mass. 354, 356; and Am. Law Inst. Restatement: Torts, § 500.

The judge rightly directed verdicts for the defendants on all counts.

*Exceptions overruled.*