Donovan, J.
In this action of tort in which the plaintiff ■seeks to recover damages for personal injuries the trial judge upon the evidence and in addition to the findings made by him could have found the following facts.
On March 22, 1945 the defendant owned and operated a bakery shop. The back part of the premises in which the defendant conducted her business was in some way divided or marked off from the front part. In the back part of the premises were work benches, ovens, etc., used by the defendant in the preparation and baking of the bakery products made by her. In this back part of the premises there was located a telephone instrument situated either on a window sill or attached to the rear wall and over the telephone there was a notice reading, ‘ ‘ For business calls only”. The front part of said premises was used by the defendant as a store in which she sold her bakery products to her *200 customers. On said March 22, 1945, at about 11:30 a. m., the plaintiff in her capacity of inspector in the U. S. Department of Labor, Wages and Hours Division, whose duty it was to gather data on the subject of wages and hours, acting on orders of her superior, entered the store part of the premises occupied by the defendant for that purpose and asked for the person in charge. The defendant came forward. The plaintiff showed the defendant her credentials, told the defendant what information she wanted and asked the defendant the number of her employees. The defendant told the plaintiff that her husband had all the information the plaintiff desired and asked the plaintiff to see him, adding that he was the manager of the business but was not then on the premises. The defendant then, leaving the plaintiff in the store, walked to the rear part of the premises, contacted her husband by the use of the telephone, called to the plaintiff to find out what information was wanted and then said to the plaintiff, “You come and take the telephone and talk with Mr. Fiske.” The plaintiff walked into the back part of the premises and when she reached the point where the telephone was located the defendant “pushed” the telephone instrument toward her. The plaintiff having forms in her hands took a step backwards to place the forms she carried on top of a pile of cartons about 3% to 4 feet high and extending about 3 feet from the rear wall of the premises and in so doing she stepped part way around the corner of the pile of cartons and fell down a stairway leading to the cellar of the premises and was injured. The defendant gave the plaintiff no notice of the existence or location of this open stairway and the plaintiff had no knowledge thereof. The question raised by the report in this case is whether the plaintiff at any time while in the premises of the defendant was a business invitee or a mere licensee.
*201 In Cudahy Packing Co. v. McBride, 92 Fed. Rep. 2d series 737, cited by the plaintiff, it was held that under an act of Congress called the Meat Inspection Act providing for the continuous presence of government inspectors on the premises of meat packers, that such inspectors were not merely licensees but were invitees to whom the packers owe the duty of ordinary care. It has also been held that a U. S. Revenue storekeeper on duty at a private distillery and required to daily inspect all parts of it is present at the implied invitation of the distiller and is not a mere licensee. Anderson etc. Distillery Co. v. Hair, 103 Ky. 196 also 29 Cyc. 457.
The basis of the decision in each of these cases is that the daily or continuous presence of the government official was essential, and in some degree beneficial, to the business of the meat packer and to that of the private distiller.
In the instant case there is nothing to indicate that the presence of the plaintiff as a government inspector in the defendant’s place of business was either daily or continuous or in any degree essential or beneficial to the defendant’s business. It seems that the plaintiff’s visit to the defendant’s place of business was an isolated one solely for the purpose of gathering certain information to enable the Government to determine whether the defendant was complying with the requirements of an Act of Congress, entitled “Fair Labor Standards Act of 1938”.
So far as the defendant was concerned the plaintiff’s position or status while in the defendant’s place of business was the same as, if not identical with, that of a police officer or a fireman who might enter her premises in the performance of his duty. It is well settled in this Commonwealth that a police officer or a fireman who in the performance of his duty goes upon the property of another but without actual invitation of the owner or person in *202 control of the property has no greater rights than those of a licensee and that the owner or person in control of such property owes him no duty or care with respect to its condition. Carroll v. Hemenway, 315 Mass. 45. Aldworth v. F. W. Woolworth Co., 295 Mass. 344. Brosnan v. Koufman, 294 Mass. 495 — 501. Wynn v. Sullivan, 294 Mass. 562. Brennan v. Keene, 237 Mass. 556. Creeden v. Boston & Maine Railroad, 193 Mass, 280-283.
We think that the fact that the plaintiff entered the defendant’s premises by virtue of a license expressly granted by the Fair Labor Standards Act whereas police officers and firemen enter the premises of others in the performance of their duty by virtue of a license implied in law did not alter the status of the plaintiff when she entered the premises of the defendant in the performance of her duty.
The trial judge voluntarily ruled that on the plaintiff’s entry upon the premises of the defendant she became a licensee. Carroll v. Hemenway, 315 Mass. 45 supra, and that although her status of licensee could be changed to that of a business visitor, Lanstein v. Acme White Lead and Color Works, 285 Mass. 328, whatever happened after the plaintiff entered the defendant’s premises up to the time she sustained her injuries did not make her a business visitor, and found as fact that the defendant’s offer of the use of the telephone was permissive only. We find no error in any of these voluntary rulings and are of opinion that the evidence amply warranted this finding of fact, making consideration of the plaintiff’s requests for rulings unnecessary.
It was the plaintiff’s duty to obtain the information desired by the Government in any legitimate way she might choose but she did not have the right inherent in her official capacity as inspector to usé the defendant’s telephone for that purpose.
*203 When the defendant contacted her husband by telephone and called to the plaintiff to find out what information was wanted and then said to the plaintiff, “You come and take the telephone and talk to Mr. Fiske”, the defendant having previously told the plaintiff that in order for her to obtain the information she desired she would have to see Mr. Fiske, and in the light of all the other evidence, the trial judge could reasonably have inferred that it was tantamount to saying to the plaintiff, you may use the telephone and talk to Mr. Fiske if you wish to do so. See American Law Institute Be statement Law of Torts (Negligence) page 893 for definition of permission as distinguished from invitation.
In order to entitle the plaintiff as licensee to recover against the defendant it was her burden to show by a fair preponderance of the evidence that she sustained her injuries as a result of the wilful, wanton and reckless conduct of the defendant. Inasmuch as there was no evidence to warrant a finding of such conduct on the part of the defendant the general finding in her favor made by the trial judge was proper. Beport dismissed.