GEORGE H. JOHNSON vs. UNITED STATES STEEL
CORPORATION.

Worcester.   October 9, 1964. — December 4, 1964.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Labor.   Employer's Liability,* Discharge of employee, Weekly payment of
wages.

No civil remedy against an employer is provided to an employee by reason
of being discharged in violation of G. L. c. 149, § 24A.   [169–170]
An employee paid monthly instead of weekly in violation of G. L. c. 149,
§ 148, but not in breach of any contract of employment, has no civil
remedy and cannot recover interest from his employer on the ground
of wrongful detention of his pay.   [170–171]

CONTRACT.   Writ in the Superior Court dated August 31,
1962.

The plaintiff appealed from an order by *Meagher,* J.,
sustaining a demurrer.

*Charles W. Proctor* for the plaintiff.

*Francis P. O'Connor* for the defendant.

SPALDING, J.   The plaintiff's amended declaration is in
five counts.   The first, second, third, and fifth in so far as
they are the same, allege the following: The plaintiff was
employed by the defendant as a turn superintendent.   The
defendant discharged the plaintiff when he was sixty-three
years of age, without cause, in violation of G. L. c. 149,
§ 24A (inserted by St. 1937, c. 367, § 2).   This was done
with the intention of depriving the plaintiff of certain bene-
fits.   At the time of the discharge there was work available
for the plaintiff and he was capable of performing it.

Counts 1, 2, 3, and 5 differ only with respect to the losses
alleged to have been sustained by the plaintiff as a conse-
quence of the wrongful discharge.   These are loss of wages
(count 1), loss of contributions which the defendant should
have made to a mutual savings plan (count 2), loss of medi-

cal payments under a policy of insurance carried by the defendant for its employees (count 3), and loss of pension payments (count 5).

In count 4 the plaintiff alleges that the defendant paid him on a monthly basis for a period of six years prior to June 1, 1960; that this method of payment was in violation of G. L. c. 149, § 148, which requires weekly payments; and that as a consequence the plaintiff was deprived of the use of his money and was entitled to interest which, at six per cent, amounts to $966.24.

The defendant's demurrer to each count of the declaration was sustained and the right to amend was denied. The plaintiff appealed.

1. The sufficiency of counts 1, 2, 3, and 5 depends on whether G. L. c. 149, § 24A, gives the plaintiff a civil remedy. Section 24A reads: "It is hereby declared to be against public policy to dismiss from employment any person between the ages of forty-five and sixty-five, or to refuse to employ him, because of his age."

Whether § 24A, strictly speaking, is a penal statute need not be decided. For present purposes it is enough to say that it is at least analogous to one. Under the sanction provided by G. L. c. 149, § 24G, "the commissioner [of labor and industries] may cause to be published in a newspaper or newspapers circulating within this commonwealth or in such other manner as such commissioner may deem appropriate, the name of such employer as having failed to observe the provisions of said sections." If, as we need not decide, this sanction is not a "specific penalty," the violator of § 24A is liable to a fine. In such case the statute would clearly be penal. By G. L. c. 149, § 180, it is provided that "[w]hoever violates a provision of this chapter for which no specific penalty is provided shall be punished by a fine of not more than one hundred dollars."

Nowhere in c. 149 is any express civil remedy provided for the violation of § 24A. And there is no basis for implying one. "[P]enal statutes have been construed as creating a new cause of action . . . if, and only if, that ap-

pears by express terms or by clear implication to have been the legislative intent." *Mezullo* v. *Maletz,* 331 Mass. 233, 238. Compare *Gallagher* v. *Wheeler,* 292 Mass. 547. This principle of statutory construction had its genesis in cases which held that the violation of a penal statute was not negligence per se, but was merely evidence of negligence as to all consequences the statute was designed to prevent. See, e.g., *Wynn* v. *Sullivan,* 294 Mass. 562 (statute designed to insure safety in the maintenance and operation of elevators); *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344 (statute requiring means of escape from fire for certain buildings); *Harsha* v. *Bowles,* 314 Mass. 738 (statute requiring the setting of flares around disabled vehicles). See also discussion in *Falvey* v. *Hamelburg,* 347 Mass. 430. But the application of this rule of construction has not been confined to statutes having a bearing on negligence. *Barboza* v. *Decas,* 311 Mass. 10 (statute forbidding the sale of intoxicating liquor to a minor). *Mezullo* v. *Maletz, supra* (statute prohibiting conspiracy to commit a person improperly to a mental institution).[1]

Applying the principle of the cases discussed above to the case at bar, we are of opinion that the demurrer was rightly sustained as to counts 1, 2, 3, and 5. The defendant's duty not to discharge the plaintiff before he had reached the age of sixty-five is solely the creature of statute; no such duty exists at common law. The only basis for holding the defendant liable is the statute. But that does not expressly provide a civil remedy. Nor does it appear that such a remedy was intended by "clear implication." See *Mezullo* v. *Maletz, supra,* p. 238.

2. Similarly count 4 must fail. It is based solely upon a violation of § 148 for which the Legislature has provided

---

[1] Although there is language in *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 493–494, relied on by the plaintiff, which may seem somewhat at variance with the above cited cases, the actual holding in that case is in harmony with them, for all that the *Berdos* case decided was that the violation of the penal statute involved was evidence of negligence. See *Wynn* v. *Sullivan,* 294 Mass. 562, 566, and footnote. Nor does *Parker* v. *Barnard,* 135 Mass. 116, cited by the plaintiff, support his position. That decision, on the point now relied on, was expressly overruled in the *Wynn* case.

only criminal penalties.[1] While at common law interest has been allowed as damages for the wrongful detention of money, *Wood* v. *Robbins,* 11 Mass. 504, 506; *Goldman* v. *Worcester,* 236 Mass. 319, 321; *Ratner* v. *Hill,* 270 Mass. 249, 253, the plaintiff's claim that there has been a wrongful withholding can be established only by proof that the statute has been violated. Since there is no allegation that an employment contract provided for weekly payments, there is no other basis upon which such payments could be required. For the reasons given and the authorities cited in the first part of this opinion, the demurrer to count 4 was properly sustained.

*Order sustaining demurrer affirmed.*

*Judgment for the defendant.*