## Ana DoSOUTO
## vs.
## UXBRIDGE KNITTING MILLS, INC.

### No. 337

District Court/Hampden, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

**September 16, 1982**

**John P. Zacchilli,** counsel for plaintiff.
**Sally T. Owen,** counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Milford Division and, no error having been found,

It is hereby

ORDERED: That the Clerk of the Milford Division make the following entry in said case on the docket of said Court, namely: Report dismissed.

Date: September 16, 1982
**William T. Walsh, Justice**
**Bernard Lenhoff, Justice**
**Mel L. Greenberg, Justice**

Opinion filed herewith.

**Robert E. Fein, Clerk**

## OPINION

**Walsh, P.J.** This is an appeal from the allowance of the defendant's motion to dismiss. The complaint alleged a violation of G.L. c. 175, sec. 110G,[1] in that the defendant failed to notify the plaintiff of her right to limited extension of group insurance benefits.

The complaint sets forth that the plaintiff worked for the defendant and was a member of its group insurance plan. In April of 1980 the plaintiff was laid off and her participation in the plan ended. The plaintiff went outside her existing coverage and purchased an insurance policy from the same insurer that had handled the group plan. However, under her new policy there was a 240-day waiting period which had certain restrictions as to coverage. The plaintiff, who was pregnant, had complications during and after delivery. She incurred medical expenses which were not covered under her new policy, but would have been under the previous plan or any extension thereof. The defendant never notified the plaintiff of her eligibility to participate in the group plan she was previously enrolled in prior to being laid off.

After the defendant's motion to dismiss was granted the issue raised by this appeal is whether the trial court erred in ruling that G.L. c. 175, sec. 110G does not create a private right of action when an employer fails to provide notice to an employee, who is laid off involuntarily, that he or she may be eligible for certain limited extension of benefits.

Statutes are construed as creating a new cause of action independently of the common law[2] if, and only if, that appears by express terms or by clear implication to have been the legislative intent. **Johnson v. United States Steel Corp.,** 348 Mass. 168, 169-170 (1964). Sometimes the violation of a penal statute may be shown in a civil action as constituting evidence of negligence. However, this does not

thereby create a new cause of action. **Mezullo v. Maletz,** 331 Mass. 233, 238 (1954).

It is plain that the statute does not by express terms create a new cause of action, but the plaintiff argues it does by implication. Section 110G does go on to state that after notification to the employer by the proper party of a desire to continue coverage and proper and timely payment of the premium by the responsible individual, "if the employer or policyholder fails to make payment . . . with the result that coverage is terminated, the employer or policyholder shall be liable for benefits to the same extent as the insurer . . . would have been liable if coverage had not been terminated."

This action by the legislature in expressly creating a cause of action after an employer receives the premium tends to bolster defendant's position. By granting a civil remedy for damages in one portion of the statute and not in another, the intent of the legislature has been clearly shown. Express mention of something in a statute, impliedly excludes other things not mentioned. **Harborview Residents' Committee, Inc. v. Quincy Housing Authority,** 368 Mass. 425, 432 (1975).

---

[1]General Laws c. 175, § 110G provides, in part: "Whenever a member of a group hospital, surgical or medical insurance plan, . . . becomes ineligible for continued participation in such group plan because of involuntary layoff or death, the coverage originally provided by such plan for the member, his spouse and dependents shall be continued as provided herein for a period of thirty-nine weeks from the date of such ineligibility or until such member, his spouse and dependents become eligible for benefits under another group plan, whichever occurs first . . . The employer or policyholder shall notify the involuntary laid-off member, surviving spouse of a deceased member and dependents of their eligibility to participate in such plans."

[2]Plaintiff clearly does not have a common law cause of action and does not argue that issue in her brief.

We feel that the dismissal of plaintiff's complaint was not error and thereby direct that the report be dismissed.

So ordered.

William T. Walsh, P.J.
Bernard Lenhoff, J.
Mel L. Greenberg, J.

This certifies that this is the OPINION of the Appellate Division in this cause.

Robert E. Fein, Clerk